508 P.2d 1240

**In the Matter of Reed J. BOWEN, Attorney.**
**No. 11267.**

Supreme Court of Idaho.
April 20, 1973.

Reed J. Bowen, Idaho Falls, pro se.

Glenn A. Coughlan, Boise, Jerry V. Smith, Lewiston, Alden Hull, Wallace, Peter K. Church, Burley, and Clark Gasser, Pocatello, for Board of Commissioners of Idaho State Bar.

PER CURIAM.

Pursuant to a disciplinary proceeding, the Board of Commissioners of the Idaho State Bar has recommended that Reed J. Bowen, an attorney residing and practicing in Idaho Falls, Idaho, be suspended from the practice of law in this state for the period of six months and be required to pay all costs of the proceeding. In accordance with the Bar Commission Rules, formal hearing was held before a Committee on Discipline appointed by the Bar Commission. After the hearing, the Committee unanimously found that Mr. Bowen had been guilty of professional misconduct in violation of Canons Six and Eleven of the Canons of Professional Ethics, which were in effect when the alleged unethical conduct took place. The findings of the Committee on Discipline were approved and adopted by the Board of Commissioners as part of their recommendatory order.

Pursuant to Bar Commission Rule 168, Mr. Bowen has petitioned this Court for a review of findings of fact and recommendatory order of the Board of Commissioners, on the ground that the findings and order are contrary to the facts and evidence in the case.

The responsibility for ordering the suspension or disbarment of an attorney in Idaho rests ultimately with this Court. In re Edwards, 45 Idaho 676, 266 P. 665 (1928); Bar Commission Rules 167–68, 170. The Court is not bound by law to accept the findings of the Committee on Discipline and the recommendation of the Board of Commissioners. Nevertheless, such recommendation and findings are entitled to be given great weight. Himmel v. State Bar, 4 Cal.3d 786, 94 Cal. Rptr. 825, 484 P.2d 993, 998 (1971); In re Nelson, 78 N.M. 739, 437 P.2d 1008, 1009 (1968); In re Fullmer, 17 Utah 2d 121, 405 P.2d 343, 344 (1965); cf. In re Lee, 242 Or. 302, 409 P.2d 337, 339 (1965). This is especially true where testimonial evidence forms an important basis of the findings. See In re Burns, 55 Idaho 190, 209, 40 P.2d 105 (1935); In re Edwards, supra, 45 Idaho at 693; Himmel v. State Bar, supra, 4 Cal.3d 786, 94 Cal.Rptr. 825, 484 P.2d at 998. The Court will not lightly disturb the findings of the Committee which had the opportunity to observe the demeanor of witnesses at first-hand and weigh and evaluate conflicting testimony. In a case of this sort, the burden is on the petitioner to show that the findings are not supported by the evidence or that the recommendation is erroneous. In re Plotner, 5 Cal.3d 714, 97 Cal.Rptr. 193, 488 P.2d 385, 386 (Cal.1971); Himmel v. State Bar, supra, 4 Cal.3d 786, 94 Cal.Rptr. 825, 484 P.2d at 998; see Bar Commission Rule 168. In this case, Mr. Bowen has not sustained this burden. Although the evidence relating to some of the matters at issue is conflicting, we are convinced that professional misconduct on the part of Mr. Bowen, which warrants his suspension from the practice of law in this state, was clearly established and that the Committee on Discipline and the Board of Bar Commissioners were justified in so finding.

Findings one and two relate to conduct on the part of Mr. Bowen in violation of

Canon Six of the Canons of Professional Ethics, which reads as follows:

## "6. ADVERSE INFLUENCES AND CONFLICTING INTERESTS

"It is the duty of a lawyer at the time of retainer to disclose to the client all the circumstances of his relations to the parties, and any interest in or connection with the controversy, which might influence the client in the selection of counsel.

"It is unprofessional to represent conflicting interests, *except by express consent of all concerned given after a full disclosure of the facts.* Within the meaning of this canon, a lawyer represents conflicting interests when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose.

"The obligation to represent the client with undivided fidelity and not to divulge his secrets or confidences forbids also the subsequent acceptance of retainers or employment from others in matters adversely affecting any interest of the client with respect to which confidence has been reposed." (Emphasis added.)

Finding one states:

"As to Count One under the Complaint filed in the matter, it is the finding of the Committee on Discipline that Reed J. Bowen was acting as attorney for Edward L. Milton and Eastgate Terrace, Inc., a corporation; that Reed J. Bowen failed to make a full disclosure of his personal involvement and interest in the purchase of the properties referred to as the Last Chance property; that Reed J. Bowen represented conflicting interests without making full disclosure as above noted. It is the conclusion of the Committee that Reed J. Bowen violated the provisions of Canon No. 6 of the Canons of Professional Ethics of the Idaho State Bar."

Finding two states:

"As to Count Two under the Complaint filed in the matter, it is the finding of the Committee on Discipline that Reed J. Bowen was acting as attorney for Edward L. Milton and Eastgate Terrace, Inc., a corporation; that Reed J. Bowen failed to make a full disclosure of his personal involvement and interest in the purchase of the properties referred to as the First Street Property described in Count Two; that Reed J. Bowen represented conflicting interests without making full disclosure as above noted. It is the conclusion of the Committee that Reed J. Bowen violated the provisions of Canon No. 6 of the Canons of Professional Ethics of the Idaho State Bar."

The first part of the hearing in this matter, at which the testimony of witnesses was taken, took place on March 24 and 25, 1972. The hearing was continued until October 6, 1972 and was concluded on October 7, 1972. The above mentioned Edward L. Milton did not appear at either time. Although subpoenaed to appear before the Committee on Discipline on March 24, 1972, Mr. Milton did not attend because of an alleged illness. At the second half of the hearing in October, 1972, it was disclosed that the sheriff was unable to serve a subpoena on Mr. Milton because he was out of the state. Therefore, a deposition of Mr. Milton, taken at the instance of the petitioner on December 10, 1971, was read into the record and published as his testimony. Counsel for petitioner stated at the portion of the hearing held in March, 1972, that his client "would be agreeable to the fact of having [Milton's] deposition entered into the record as his testimony."

Also admitted into evidence at the second half of the hearing in October, 1972, was an affidavit signed by Mr. Milton on April 1, 1970, and delivered to a member of the Prosecuting Committee on June 17, 1970, in the presence of an attorney whom

Milton was consulting in regard to a civil matter. Suffice it to say, that the concealment and complete lack of candor attributed to Mr. Bowen in the affidavit, regarding his interest in the purchases of the above mentioned "Last Chance" property and "First Street" property from his clients Edward L. Milton and Eastgate Terrace, Inc., respectively, constitutes a gross deviation from both the letter and spirit of Canon 11.

■ Immediately before the affidavit was admitted into evidence, petitioner stated, "We have no objection to the admission of the affidavit."

> "Evidence introduced without objection stands as evidence in the case for all purposes and if sufficiently probative may support a finding." Hamby v. Simplot Company, 94 Idaho 794, 796, 498 P. 2d 1267, 1269 (1972).

In his deposition, Mr. Milton attempted to recant his affidavit, alleging that he had been pressured into signing it before he had had time to ascertain all the facts surrounding the two land sale transactions, and that the affidavit had been "released" to the Idaho State Bar without his permission. However, there was extensive testimony at the hearing which would have justified the trier of fact in believing that Mr. Milton had thoroughly verified the statements in the affidavit before signing it and that he turned it over to the Bar Commission voluntarily and on his own initiative.

■ It has been said that when a witness in an adversary context tells a substantially different story from one he had told before,

> "The two questioners will lay bare the sources of the change of face, in forgetfulness, carelessness, pity, terror, or greed, and thus cast light on which is the true story and which the false. It is hard to escape the view that evidence of a previous inconsistent statement, when declarant is on the stand to explain it if he can, has in high degree the safeguards of examined testimony." C. McCormick, Evidence, 603–04 (2d ed. E. Cleary ed. 1972).

Under the circumstances of this case, namely that the affidavit was admitted into evidence with "no objection" from Mr. Bowen, its effect was not limited to impeaching the credibility of Mr. Milton's testimony in his deposition. Instead the Committee on Discipline was entitled to consider the substantive allegations of the affidavit and decide where the truth of the matter lay.

In light of the matters contained in the affidavit; the testimony regarding its preparation and the circumstances under which it was given to the Bar Commission; the testimony at the hearing of other witnesses who were parties to the two land sale transactions; and in light of the fact that Milton's deposition, standing alone, indicates that petitioner's conduct vis-a-vis Milton fell far short of Canon 11's stringent requirement of "express consent of all concerned given after a full disclosure of the facts," we find that the Committee on Discipline was justified in finding petitioner guilty of conduct in violation of Canon 11.

The third and fourth findings deal with violations of Canon Eleven of the Canons of Professional Ethics which reads as follows:

> "11. DEALING WITH TRUST PROPERTY
>
> "The lawyer should refrain from any action whereby for his personal benefit or gain he abuses or takes advantage of the confidence reposed in him by his client.
>
> "Money of the client or collected for the client or other trust property coming into the possession of the lawyer should be reported and accounted for promptly, and should not under any circumstances be commingled with his own or be used by him."

The third finding states:

"The Committee on Discipline finds as respects Count Three that the said Reed J. Bowen converted to his own use the payment of $5,000.00 received from one, Bob Duncan [Duncombe], without properly accounting therefor, to Land West, Inc., who [sic] Reed J. Bowen represented as a client, in violation of Canon No. 11 of the Canons of Professional Ethics adopted by the Idaho State Bar."

The fourth finding states:

"The Committee on Discipline finds that said Reed J. Bowen, without authority, placed in his account the $200.00 check representing the return of a $200.-00 cash bond from the Bonneville County Justice Court upon which the name of Roy J. Summers had been forged, all without the knowledge and/or authority of his client, Roy J. Summers, in violation of Canon No. 11 of the Canons of Professional Ethics adopted by the Idaho State Bar."

We do not deem it necessary to discuss in detail the transactions and circumstances to which findings three and four relate. An examination of the record shows that there was ample evidence to support the making of these findings, and they will not be disturbed.

██ The costs and expenses incurred by the Idaho State Bar in conducting this lengthy proceeding amounted to $3,723.96. On the basis of the record in this proceeding, the memorandum decision of the Committee on Discipline and the recommendatory order of the Commissioners of the Idaho State Bar, we hereby order that Reed J. Bowen be disciplined by suspension from the practice of law and by suspension of his license to practice law in the State of Idaho, and by payment of all costs of this proceeding. Said suspension is to become effective on the date that this decision becomes final and to continue for a period of six months. At the expiration of the six months' period of suspension, and upon payment of $3,723.96 to the Secretary of the State Bar, Mr. Bowen may apply to the Board of Commissioners for reinstatement to the practice of law in Idaho. The Board of Commissioners shall certify its recommendation to the Supreme Court.

SHEPARD, McQUADE, and McFADDEN, JJ., and HAGAN, D. J., concur.