518 P.2d 270

**In the Matter of Richard R. BLACK, Attorney.**

No. 11395.

Supreme Court of Idaho.

Jan. 21, 1974.

Rehearing Denied Feb. 7, 1974.

Ralph H. Jones, Jr., Jones, Pomeroy & Jones, Pocatello, for appellant.

E. W. Pike, Albaugh, Smith & Pike, Idaho Falls, for appellee.

PER CURIAM.

Following hearing before the Board of Commissioners of the Idaho State Bar sitting as a Disciplinary Committee, the board entered its findings of fact, conclusions and recommendatory order concerning Richard R. Black, an attorney residing and practicing in Pocatello, Idaho. The Board recommended that he be suspended from practice of law in this state for a period of *twenty-four months* and be required to pay costs of the proceedings.

The board entered its findings concerning three counts of the charges filed against him. On the first count the board found Black had failed to answer or respond to a client's inquiries, that he had failed to remit money due the client or account to him, and that he had failed to deposit to a trust account money collected for the client and had commingled the funds with his personal funds. On the second count, the board found that Black had filed an incorrect affidavit on behalf of a client. On the last count, the board found that Black had failed to forward certain sums collected on behalf of another client, that he failed to deposit such funds in the trust account and had commingled these funds with his personal funds. The board also found that at the time of the hearing, Black had deposited with the Board of Commissioners sufficient funds to pay the claims of his clients, and that these sums had been paid to them.

Based on these findings, the board concluded that Black had violated the provisions of Canon 11 [1] of the Canons of Professional Ethics in effect prior to June 25, 1971, and that such conduct was a violation of Disciplinary Rules 9–102 [2] and 1–102 [3]

---

1. "CANON 11: DEALING WITH TRUST PROPERTY

"The lawyer should refrain from any action whereby for his personal benefit or gain he abuses or takes advantage of the confidence reposed in him by his client.

"Money of the client or collected for the client or other trust property coming into the possession of lawyer should be reported and accounted for promptly, and should not under any circumstances be commingled with his own or be used by him." Canon 11 of the Canons of Professional Ethics in effect prior to June 25, 1971.

2. "DR 9–102 Preserving Identity of Funds and Property of a Client.

"(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

of the Code of Professional Responsibility governing the conduct of attorneys practicing law after June 25, 1971. The board also found that an ambiguity existed in the statute under which Black had filed an affidavit, and that Black did so without any intent to deceive, and further concluded that as to this count there was no violation of the Code of Professional Ethics or the Code of Professional Responsibility, concerning the filing of the affidavit.

Based on the findings and conclusions the Board recommended that Black be suspended from practice for a period of twenty-four months and to pay the costs incurred in the proceedings. Black thereafter filed his petition for review.

The petitioner at the hearing before the board admitted the allegations of fact in the complaint filed against him but denied that his conduct breached any canons or rules of professional ethics. In his petition for review, the petitioner contends that extenuating circumstances absolve him from any wrongdoing.

This court determines that the board's findings of fact are sustained by the record, and that the conclusions of law are correct. The court is of the conclusion that petitioner has been guilty of professional misconduct. However, considering all the circumstances surrounding these derelictions, it is the conclusion of this court that suspension from practice shall be for a period of twelve months.

On the basis of the record in this proceeding, it is hereby ordered that Richard R. Black be disciplined by suspension of his right to practice law for a period of twelve months and that he shall pay all costs of these proceedings. The suspension shall become effective from the date this decision becomes final and until twelve months have expired. Upon expiration of the period of suspension and payment of costs, petitioner may apply for reinstatement of his license to practice law. The Board of Commissioners shall certify its recommendation on such application to this court.

(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

"(B) A Lawyer shall:
(1) Promptly notify a client of the receipt of his funds, securities, or other properties.
(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.
(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer

and render appropriate accounts to his client regarding them.
(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

3. "DR 1–102 Misconduct.
"A lawyer shall not:
(1) Violate a Disciplinary Rule.
(2) Circumvent a Disciplinary Rule through actions of another.
(3) Engage in illegal conduct involving moral turpitude.
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
(5) Engage in conduct that is prejudicial to the administration of justice.
(6) Engage in any other conduct that adversely reflects on his fitness to practice law."