592 P.2d 1362

**In the Matter of Preston G. LUTZ, Respondent.**

No. 12942.

Supreme Court of Idaho.

April 2, 1979.

Mark S. Downing, Bar Counsel, Idaho State Bar, Boise, for appellant.

Robert M. Robson, Boise, for appellee.

Before SHEPARD, C. J., and DONALD-SON, BAKES and BISTLINE, JJ., and SCOGGIN, J. Pro Tem.

PER CURIAM.

This matter is before the Court on the recommendation of the Disciplinary Board of the Idaho State Bar that Preston G. Lutz, who is an attorney admitted to the practice of law in the State of Idaho and licensed therefor, be suspended from the practice of law for a period of one month, together with other penalties. This matter is before us for our independent assessment and opinion pursuant to Rule 157(c)(2) of the Rules of the Supreme Court and the Board of Commissioners of the Idaho State Bar relating to disciplinary enforcement and withdrawal of the right to practice law.

In 1976 one Sonia Wagner contacted Lutz seeking representation with reference to a Social Security disability claim which Wagner had herself previously filed and upon which she had been denied benefits. Lutz agreed to the representation and entered into a contingency fee arrangement whereby Lutz would receive 20% of the recovery if no appeal was necessary, and 25% if an appeal resulted. It is undisputed. that the only procedure then available was an appeal, which was filed by Lutz. A hearing was held thereon, and a decision rendered in favor of Wagner's claim in the amount of $3,515.20. The Social Security Administration deducted 25% of that total award as attorney's fees for Lutz and mailed a check for $2,636.40 directly to Wagner. Wagner was not present at the hearing and assumed that the $2,636.40 constituted the total award. She promptly took the check to Lutz. Lutz had Wagner endorse the check and he deposited it in his general, and not his trust, checking account. Lutz retained the sum of $527.78 and wrote Wagner his check for the balance. The amount Lutz retained is approximately 20% of the $2,636.40.

Thereafter, Lutz received a check from the Social Security Administration representing the 25% which the Administration had deducted from the total award of $3,515.20. Lutz did not notify Wagner of the receipt of those funds from the Social

Security Administration; however, Wagner did learn of Lutz' receipt of those funds. Thereafter, Wagner contacted Lutz for an explanation, but failed to get a satisfactory response from Lutz. Wagner requested a refund of anything in excess of 20% of the total award of $3,515.20. Lutz refused, and Wagner filed a complaint with the Board of Commissioners of the Idaho State Bar.

The Disciplinary Board of the Idaho State Bar initiated proceedings against Lutz and a hearing was held before the local hearing committee. After receiving evidence, the committee rendered its findings and recommendation to the Disciplinary Board of the Idaho State Bar.

The hearing committee found that although Lutz contended that the $527.78 charge represented fees for past and future services, Lutz had not performed such other services so as to earn such a fee and that he did not inform Wagner that that amount was being withheld for fees supposedly in other matters. The committee further found that Lutz had not adequately explained the fee arrangement and that Wagner reasonably believed that the fee charged by Lutz would be 20% of any recovery. Accordingly, the hearing committee found that Lutz had violated Disciplinary Rule (DR) 1–102(A)(4),[1] DR 9–102(B)(1)[2] and DR 9–102(B)(3).[3]

The committee recommended that the following action be taken by the Disciplinary Board of the Idaho State Bar: (1) that Lutz receive a private reprimand by the Disciplinary Board, (2) that he be required to repay his client the difference between the amount received and the 20% to which he was entitled, (3) that he be required to repay his client $100 for overcharges in matters in which he previously represented Wagner, and (4) that he be assessed the costs of the proceedings.

In conformance with Rule 157(b)(6), the hearing committee forwarded its findings and recommendations to the Idaho State Bar Disciplinary Board. Briefs were submitted, and a hearing held thereon before that Board. In its decision and recommendation, that Board expressly adopted the findings of fact of the hearing committee, but further detailed an additional chronology of the events. The Board stated that to them the evidence was clear and convincing that when the original fee was taken, both the client and attorney dealt with each other on the basis that the $527.78 paid by Wagner to Lutz was satisfaction of the 20% fee called for in the contingency fee contract. That Board stated that the only logical conclusion which could be drawn from the record was that when Lutz took the $527.78, he well knew that a 25% fee of the total award would be forthcoming to him. In the face of this fact, and with knowledge of his own client's ignorance, he charged a 20% fee of the *net amount* that she had received. Such procedure made his total fee for the Social Security representation equal to 40% of the original award, or $1,406.58. The Board concluded that Lutz had contrived to fabricate a bill which would support the excessive amount he had already charged and that such conduct was wilful and deliberate deceit. The Board adopted the recommendations of the hearing committee, excepting that it recommended a 30-day suspension from practice instead of the recommended private reprimand. Those findings and recommendations were then submitted to us and a hearing was held thereon.

▮ Lutz filed numerous exceptions to the proceedings, findings, and recommendations of the hearing committee and the Board. The majority of his exceptions re-

1. A lawyer shall not:

  . . . Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

2. A lawyer shall:

  Promptly notify a client of the receipt of his funds, securities, or other properties.

3. A lawyer shall:

  . . . Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

late to factual findings of the committee and Board, and specifically he argues that the following findings are not supported by the evidence: (1) that Lutz represented to Wagner that the fee would be 20% of the total recovery, (2) that he did not notify Wagner of the receipt of funds, (3) that he did not tell her that the $527.78 was for services unrelated to the Social Security matter, (4) that he had not been retained in the divorce action, (5) that he failed to keep adequate records, and (6) that he engaged in wilful dishonesty. This Court will make its own independent assessment of the record but the findings of the Board are entitled to great weight and the burden is on the respondent attorney to show that the findings are not supported by the evidence. *In re Depew,* 98 Idaho 215, 560 P.2d 886 (1977); *In re Bowen,* 95 Idaho 334, 508 P.2d 1240 (1973). We conclude that all of the above noted findings are supported by the evidence and hence Lutz has not met his burden.

■ Lutz next contends that the hearing committee and Board both erred in finding that he had overcharged Wagner for his representation in previous matters. He argues there was no such allegation, no evidence submitted, and no briefing or argument thereon. He argues he was entitled to notice of and hearing upon the allegation, but we note from the record that Lutz has already repaid Wagner for the disputed $100 overcharge. Hence, we deem the question of notice to be moot and decline to pass on that issue. *See State ex rel. Idaho State Park Bd. v. City of Boise,* 95 Idaho 380, 509 P.2d 1301 (1973); *Tryon v. Baker,* 94 Idaho 222, 485 P.2d 964 (1971).

■■ Lutz next asserts that the Board should have automatically confirmed the findings and recommendations of the hearing committee since counsel for the Bar did not timely object to the hearing committee's determination. Lutz argues that except as provided in the Disciplinary Rules, the Idaho Rules of Civil Procedure apply in disciplinary cases. Rule 172(c). He argues that since no time period is provided in the Bar Commission Rules regarding appeal, the 30–day period of I.R.C.P. 83(e) is applicable and such limitation was not met, We disagree. That argument is based on two premises: (1) that the hearing committee had the power to make findings of fact and recommendations which were binding on the Board, and (2) that the committee's determination must be "appealed" to the Board. The major function of the hearing committee is to conduct hearings and submit findings and recommendations to the Board. Rule 155(b). The hearing committee, in and of itself, has no power to impose any sanction. *See* Rule 153. Counsel need not "appeal" the findings and recommendations of the hearing committee since the matter is automatically referred to the Board within 60 days following the hearing. Rule 157(b)(6).

■ Lutz next argues that the Board erred in substituting its own findings and recommendations in the place and stead of those of the hearing committee, and the Board had no power or authority to make different findings and recommendations, and that the "clearly erroneous" rule of I.R.C.P. 52(a) dictates the standard of review governing an "appeal" from the hearing committee. That reasoning again misconstrues the nature of the disciplinary process by denominating the procedure before the Board as an "appeal." Rule 154(f)(6) specifically confers upon the Board the power and duty,

> "To review the findings and recommendations of hearing committees with respect to formal charges and to prepare and forward its own findings and recommendations, together with the record of the proceeding before the hearing committee, to the Supreme Court which shall review such findings and recommendations on the basis of the record and shall enter an appropriate order disposing of the proceeding."

Thus, Lutz' assertion that the proceedings are in the nature of an appeal is erroneous.

Rather, the disciplinary process by which a hearing committee makes findings and submits recommendations to the Board and the Board in turn to this Court is more properly compared with a procedure by which a referee or master might make findings and recommendations and forward such to a court. While great weight should be accorded the findings and recommendations made below, *In re Depew, supra; In re Bowen, supra*, both the Board and this Court are empowered to reach independent judgment on the record before it. *Bernstein v. State Bar of California*, 6 Cal.3d 909, 101 Cal.Rptr. 369, 495 P.2d 1289 (1962); *In re Simmons*, 59 Wash.2d 689, 369 P.2d 947 (1962). No error was committed by the Board in its alteration of the findings of the hearing committee and in recommending a more severe sanction for the consideration of this Court. Since disciplinary matters are judicial and not administrative in nature, the responsibility for assessing the facts and ordering the sanctions to be imposed on an attorney ultimately rests with this Court. *In re Bowen, supra; In re Edwards*, 45 Idaho 676, 266 P. 665 (1928). *See also* Rule 153, Rule 154(f)(6).

We adopt the findings of the Idaho State Bar Disciplinary Board that Lutz violated DR 1–102(A)(4), DR 9–102(B)(1) and DR 9–102(B)(3) by engaging in wilful and deliberate deceit, and failing to notify his client of receipt of funds, and by failing to maintain complete records. We further accept and adopt the recommendation of the Board that Lutz be ordered to repay Ms. Wagner and note that Lutz has already complied with that portion of the order.

Lutz finally argues that the recommendation of the Board for a suspension for a period of one month should be rejected and that we instead adopt the hearing committee's recommendation of a private reprimand. He argues that a suspension would serve purely and solely as a punishment and would not serve to effectively protect the public.

We reject that argument. The relationship between an attorney and client is one of the highest character. It is a fiduciary relationship binding the attorney with the strictest accountability and fidelity to his client's interest. *In re Carter*, 59 Idaho 547, 86 P.2d 162 (1938). The findings, in our judgment, clearly indicate the breach of Lutz' duty to his client. The Board's recommended sanction meets the purpose of a disciplinary proceeding which is to exact justice, to purge the profession of unworthy and unscrupulous lawyers and to protect the public from those who are unfit to perform the duties of an attorney. *E.g., In re Depew, supra.* Compare *In re Bowen, supra; In re Black*, 95 Idaho 672, 518 P.2d 270 (1974); and *In re Burns*, 55 Idaho 190, 40 P.2d 105 (1935).

Preston G. Lutz is hereby suspended from the practice of law for the period of one month. The period of suspension shall commence as provided in Rule 168, and respondent Lutz is ordered to comply with all of the notice requirements contained therein. It is further ordered that Lutz shall bear the costs of the disciplinary proceedings. Although Lutz argues we are without power or authority to impose such costs, Rule 153(b) authorizes this Court to impose conditions upon a suspension, and this Court has on numerous occasions imposed costs as a condition to reinstatement. *See In re Depew, supra; In re Clark*, 96 Idaho 889, 539 P.2d 242 (1975); *In re May*, 96 Idaho 858, 538 P.2d 787 (1975); *In re Bowen, supra.* Accordingly, as a condition of reinstatement, it is ordered that Lutz pay the costs of these proceedings. The failure to do so within twelve months of the date of this order shall constitute grounds for additional proceedings.