92 P.3d 1069

**In the Matter of Daniel L. Hawkley, Attorney At Law.**

**IDAHO STATE BAR, Plaintiff–Respondent,**

v.

**Daniel L. HAWKLEY, Defendant–Appellant.**

**No. 28045.**

Supreme Court of Idaho, Boise, September 2002 Term.

Oct. 30, 2002.

Daniel L. Hawkley, for petitioner.

Michael J. Oths, Counsel to the Idaho State Bar, for respondent.

SCHROEDER, Justice.

### NATURE OF THE CASE

Daniel L. Hawkley, a licensed Idaho attorney, appeals the findings and recommendations of the Professional Conduct Board of the Idaho State Bar which found that he knowingly filed two frivolous law suits in Idaho and recommended that his license to practice be suspended for three years.

### I.

### FACTS AND PROCEDURAL HISTORY

The lawsuits filed by Hawkley stem from his involvement in two long-running cases. The first was a bitter divorce action between Elizabeth and Lee Kornfield which commenced in 1991 and was continuously and contentiously litigated through 1995. In December of 1995 Elizabeth Kornfield retained Hawkley, claiming various participants in the divorce action had conspired against her. Hawkley filed a suit in federal district court on January 18, 1996, alleging a conspiracy to deprive Elizabeth Kornfield of her civil rights. The suit was brought *in forma pauperis* under 28 U.S.C. § 1915(d) and named as conspirators almost everybody who had been involved in the Kornfield divorce action, including Judge Dennard, the first magistrate judge in the case; Judge McLaughlin, who took over the case from Judge Dennard who had recused himself; Craig Beaver, a psychologist who evaluated the Kornfield children concerning Elizabeth Kornfield's allegations that Lee Kornfield had sexually

abused some of their children; Stephen Beer, the court appointed attorney for the Kornfield children; James Bevis, the attorney for Lee Kornfield; Carol Cronin–Kriz, a counselor retained by Lee Kornfield for an independent evaluation of the children; Michael Estess, a psychiatrist who performed professional services in the case; Cumer Green, an attorney for Elizabeth Kornfield during part of the case; Robert Huntley, an attorney for Elizabeth Kornfield during part of the case; Cantril Nielsen, a psychiatrist who performed services in the case; Stan Welsh, an attorney for Elizabeth Kornfield during part of the case; Lee Kornfield; and the Idaho Department of Health and Welfare. The complaint was not specific as to how the alleged conspiracy took place and in some instances made no allegations beyond naming the persons as defendants. The complaint asked that the federal court vacate all the orders entered in the state court divorce case in the previous three years.

Federal District Judge Lodge determined that the action could proceed without the payment of fees but dismissed the suit outright, characterizing the conspiracy claims as "baseless" and "fantastic":

> Plaintiff's claims herein are precisely the sort which falls [sic] with[in] the reach of § 1915(d). Plaintiff alleges the Defendants have entered into a conspiracy to discriminate against her and to hide the alleged improprieties of Dr. Kornfield. She goes so far as to allege that two state magistrate judges, several attorneys, many doctors and psychologists conspired to deprive her of her constitutional rights. Plaintiff's claim of a conspiracy would have to be so wide-reaching that it would encompass over fifteen professionals from many different professional fields all in an effort to protect the reputation of Dr. Kornfield. This is not merely "unlikely," it is clearly baseless. A finding of factual frivolousness is appropriate when the facts alleged rise to the level of irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez,* 504 U.S. 25 at 33, 112 S.Ct. [1728] at 1733, 118 L.Ed.2d 340 [at 350 (1992)]. In addition,

Plaintiff has made no detailed or concrete allegations of fact supporting such claim.

> It is usual for a court in a pro se case to allow a plaintiff an opportunity to amend a complaint if it is possible to cure any deficiency in the complaint. However, in this case Plaintiff is represented by counsel and the Court does not believe the deficiency in the complaint can be cured by amendment.

> No credible showing of the existence of a conspiracy has been made by the plaintiff. Furthermore, the court finds that Plaintiff's claims are, at best, fanciful or fantastic. Therefore, Plaintiff's claims against all Defendants are dismissed as frivolous pursuant to 28 U.S.C § 1915(d).

Hawkley appealed the dismissal to the Ninth Circuit, which summarily affirmed the dismissal. None of the defendants was served. Most of the defendants discovered their involvement in the suit only after reading an article in the paper detailing the Ninth Circuit's affirmation of the dismissal.

The other case that formed the basis for the proceedings against Hawkley was a long-running quiet title action, *Peterson et al. v. Nielsen et al.,* which began in 1988 and ran through 1997. Nielsen hired Hawkley to represent him in 1997. On September 23, 1997, Hawkley filed an action in federal district court alleging a conspiracy to deprive Nielsen of his civil rights, naming as conspirators Randall Kline, the attorney for the plaintiffs; Judge Woodland, who presided in the case; and Grant Thornton, the trustee in a bankruptcy case relevant to the action. Hawkley later dismissed the complaint for reasons unclear in the record. During the quiet title action Hawkley served a request for production of documents on Kline and scheduled a meeting for April 27, 1998, at Kline's office. Kline's office informed Hawkley that Kline would not be available that date, but Hawkley arrived anyway. Hawkley allegedly told Kline's secretary that Kline had given him permission to inspect the files in Kline's absence and that the document production had been set for that day because Kline was going to be out of the office. The secretary refused to let Hawkley see any

files, and he left. Kline asserted these statements by Hawkley were false.

Pursuant to complaints by many of the named defendants in the conspiracy suits and by Kline as to Hawkley's statements to his secretary, an investigation was commenced and charges subsequently filed by Bar Counsel. A hearing committee was appointed. Hawkley filed an answer, and a hearing on the allegations was held. The Bar Counsel called numerous witnesses who had been named in the lawsuits, including Judge Dennard, Judge McLaughlin, James Bevis, Cumer Green, Stephen Beer, David Goss, and Randall Kline. All denied being involved in a conspiracy or of knowing of any conspiracy.

Hawkley represented himself in the hearing and gave his testimony as a narrative. He was cross-examined by Bar Counsel. In defense of the conspiracy suits, Hawkley offered his legal theory of conspiracy, stating "if we agree to do something and it's my understanding . . . that if what we agree to do is going to cause you damage, that is a civil conspiracy."

Concerning the Kornfield matter, Hawkley testified about a stipulation signed by Elizabeth Kornfield and her attorneys and signed by Lee Kornfield and his attorneys and approved by Judge McLaughlin in which Elizabeth Kornfield agreed not to make any more child abuse allegations against Lee Kornfield. Hawkley believed the approved stipulation was an agreement that violated Elizabeth Kornfield's parental rights to raise her children, a fundamental right, and was therefore a conspiracy. Hawkley testified that he believed Elizabeth Kornfield was paranoid, but he filed the conspiracy case based upon information she supplied. He talked to a detective Mack, a representative of the Department of Health and Welfare, and Stephen Beer. He did not talk to any of the other defendants in the lawsuit. He stated that the defendants in his lawsuits were not served with complaints because it was filed under 28 U.S.C. § 1915(d) a provision that allows a suit to be filed conditionally so the federal court can determine whether the plaintiff is entitled to proceed *in forma pauperis* and whether the complaint is subject to dismissal.

As for the *Peterson v. Neilsen* matter, Hawkley presented a difficult to follow explanation about fraud and Judge Woodland not having subject matter jurisdiction as the basis for that civil rights suit. He testified that he was fully aware of the requirements of IRCP 11, and felt he had complied with the rule.

At the hearing Hawkley challenged the complaint filed by the Bar Counsel. Idaho Bar Code Rule (IBCR) 511(a)(1) provides that the Board of Commissioners must make a finding of probable cause and approve the filing of formal charges before a complaint is filed against an attorney. Hawkley asserted that there was nothing in the record to indicate that the board made a finding of probable cause. The Idaho State Bar Executive Director testified that the procedure is for Bar Counsel to submit a memorandum and any attachments to the Board of Commissioners outlining the complaint and the supporting evidence. The Board reads through this, discusses it and votes on whether to approve the filling of the complaint. This is what was done in this case. There is no explicit statement in the minutes that the Board found probable cause. However, the Board authorized the filing of the complaint pursuant to a rule that it must find probable cause to authorize filing such a claim.

On October 22, 2001, the Professional Conduct Board of the Idaho State Bar issued its findings of fact, conclusion of law and recommendations. The Board found that Bar Counsel and the Commissioners complied with IBCR 511(a)(1) in filing formal charges and that there was no procedural or jurisdictional issue. The Board concluded that Hawkley did violate the Rules of Professional Conduct (RPC) 3.1 ("Meritorious Claims and Contentions") by filing two frivolous suits without any investigation. The Board noted that Hawkley sought to justify his actions by saying the suit was brought conditionally, but it found that not to be a justification. The Board also found violations of Rules 4.4 ("Respect for Rights of Third Persons"), 8.2 ("Judicial and Legal Officials") and 8.4(d) ("Conduct Prejudicial to the Administration of Justice") and recommended that Hawkley's license be suspended for three years, at

the end of which he could apply for a reinstatement after showing good conduct pursuant to bar rules. Hawkley was cleared of the misrepresentation charge. Costs of the investigation were awarded to the Idaho State Bar.

Hawkley filed a motion to amend or alter, arguing the Board findings were not supported by the evidence. This motion was denied. The Bar filed its recommendations with this Court, and Hawkley filed his notice of objection to the recommendations.

## II.

### STANDARD OF REVIEW

This Court gives great weight to the findings of the discipline committees. *In re Lutz*, 100 Idaho 45, 592 P.2d 1362 (1979); *In re Depew*, 98 Idaho 215, 560 P.2d 886 (1977); *In re Bowen*, 95 Idaho 334, 508 P.2d 1240 (1973). However, this Court's scope of review is also broader than an ordinary appellate proceeding in that it undertakes an independent judgment of the record after assessing the committee's findings. *Matter of Jenkins*, 120 Idaho 379, 816 P.2d 335 (1991).

## III.

### ISSUES ON APPEAL

Hawkley states the following issues on appeal in his brief:

1. Is the Board of Commissioners required to make a specific and recorded finding of probable cause before filing a formal complaint?

2. Did the Board err when it allowed Bar Counsel to introduce the testimony of the alleged conspirators as to the nonexistence of the conspiracy?

## IV.

### THE RECORD SUPPORTS THE CONCLUSION THAT THE BOARD OF COMMISSIONERS FOUND PROBABLE CAUSE FOR FILING THE COMPLAINT

IBCR 511(a)(1) states that "[b]efore a complaint shall be filed against a lawyer by

Bar Counsel, the Board of Commissioners must make a finding of probable cause and approve the filing of formal charges." There is no specific statement in the minutes kept by the Bar Commission stating a finding of probable cause to bring the charges against Hawkley, and there is no such statement in the actual charges filed. However, the lack of an explicit statement does not mean probable cause was not found. The testimony by the Executive Director of the Bar concerning the procedure the Commission uses in approving charges indicates that the Commission reviewed the proposed changes and approved the filing of the complaint. When asked if the recorded minutes constitute the basis of the probable cause for the charges, the Executive Director answered: "I would say yes."

IBCR 511 in its entirety states:

(a) **Complaint.** Bar Counsel shall institute formal proceedings by filing a complaint with the Clerk of the Professional Conduct Board. The allegations of the complaint must be specific enough to inform the defendant of the alleged misconduct.

(1) **Concurrence by Board of Commissioners.** Before a complaint shall be filed against a lawyer by Bar Counsel, the Board of Commissioners must make a finding of probable cause and approve the filing of formal charges.

(2) **Service.** A copy of the complaint shall be served upon the defendant pursuant to Rule 523(a).

The finding of probable cause is a step to the ends of 511, which is to give adequate notice of the charges being brought against an attorney and to provide the Commission oversight over the actions of the Bar Counsel's investigations and prosecutorial activities. IBCR 511(a)(1) is a filter to separate the worthy from the unworthy cases. Implicit in the approval by the Commission is the finding of probable cause. Otherwise the Court would have to assume that the Commission approved a prosecution that lacked probable cause in the face of the rule that requires such a showing. Further, remand after a full hearing has been held and violations found

would protect no right encompassed by rule 511.

■ The primary point at which the rights of the accused are given protection in the procedures of the Idaho Bar Commission Rules is when the charges are filed. A due process right protected under IBCR 511 is the right to have Bar Counsel allege with specificity and accuracy the charges being brought. *See, e.g., In re Jenkins,* 127 Idaho 408, 901 P.2d 1309 (1995) (attorney against whom disciplinary proceedings are brought is entitled to have charges against him stated in full and may not be held accountable for misconduct not specified in charges).

Though not set forth as an issue in the statement of issues in his brief, Hawkley asserts in argument that the complaint against him was not specific enough to notify him as to the exact conduct, giving rise to the ethical violations. The complaint charged him with filing two frivolous lawsuits. Concerning the *Kornfield* matter, the complaint states that Hawkley filed a frivolous lawsuit charging fourteen defendants with violating Elizabeth Kornfield's civil rights by means of a conspiracy. Further, the Bar complaint alleged that Hawkley did not serve the defendants; that the suit was dismissed by the federal court as being "not merely 'unlikely,' ... [but] clearly baseless" and that the claims were "at best, fanciful or fantastic"; that the federal court's dismissal was affirmed; that only after an article in the Idaho Statesman, a newspaper, detailing the affirmation of the dismissal did the defendants learn of the conspiracy suit; that the conduct described violated RPC 3.1, 4.4, 8.2, and 8.4(d).

In the *Nielson* matter the Bar complaint states that Hawkley filed a 1983 civil rights suit alleging that the defendants were conspirators. The Bar alleged that the case was frivolous; that Hawkley unilaterally dismissed the case; and, that his actions violated RPC 3.1, 4.4, 8.2, and 8.4(d). No mention is made as to why the suit was frivolous other than that the case was dismissed unilaterally by Hawkley and that he violated specific Rules of Professional Conduct.

The Bar complaint does not set forth in detail why the complaints filed by Hawkley were frivolous. However, it is clear that he was aware that he was being charged with filing frivolous lawsuits in conspiracy cases in violation of specific provisions of the ethics code. From the record it appears that Hawkley was able to recognize the nature of the charges against him, since he did offer evidence which he argued established the factual basis for the suits. He also put forth his legal theory of conspiracy, however misconceived. He extensively cross-examined witnesses and objected with regularity.

Hawkley received a trial in which the bases for the two cases were discussed at length, and he was able to present the extent of his investigation and his legal theory of conspiracy. Under RPC 3.1, frivolity is outlined as bringing or defending a proceeding, or asserting or controverting an issue unless there is a basis for doing so that is not frivolous. This is a clear enough standard for Hawkley to respond to the charges, to show some legal and factual basis for bringing the cases after the evidence established there was no conspiracy.

The conclusion of the Board that Hawkley filed frivolous claims is supported by the record. The extent of investigation he identified was trivial in light of the extent and seriousness of the charges he made. The legal theory he articulated was misguided and lacked a fundamental concept of the law of conspiracy. He sought relief that the federal court could not grant. At best the claims were naïve and uninformed. At worst they were a malicious effort to intimidate and harm without a legal or factual basis. Under either view, they were frivolous.

## V.

### THE BOARD DID NOT ERR WHEN IT ALLOWED BAR COUNSEL TO INTRODUCE THE TESTIMONY OF THE ALLEGED CONSPIRATORS AS TO THE NON–EXISTENCE OF THE CONSPIRACY

■ Hawkley claims it was error on the part of the Board to allow Bar Counsel to offer testimony from the alleged conspirators that they did not conspire or knew nothing of

any conspiracy. Hawkley claims the only way he could rebut such evidence would be to use evidence that would call into question the professional integrity of the witnesses, especially their honesty, in violation of RPC 4.4(a), which as he states in his brief provides that "a lawyer shall not: ... use means that have no substantial purpose other than to embarrass, delay, or burden a third person...." However, RPC 4.4(a) states in its entirety:

In representing a client, a lawyer shall not:

(a) use means that have no substantial purpose other than to embarrass, delay, or burden a third person, including conduct intended to appeal to or engender bias against a person on account of that person's gender, race, religion, national origin, or sexual preference, whether that bias is directed to other counsel, court personnel, witnesses, parties, jurors, judges, judicial officers, or any other participants;

Arguing that RPC 4.4(a) would prevent a defendant from impeaching prosecution witnesses with evidence relevant to their credibility or confronting them with other evidence concerning any relevant issue in the trial that they testify to is ludicrous.

Hawkley also asserts the trial was unfair because the testimony of the alleged conspirators as to the non-existence of the conspiracy was not sufficient to clearly show the frivolity of the suit. He maintains allowance of the testimony shifted the burden to him to prove the suits were not frivolous.

■ In bar discipline cases charges must be established by a "clear and undoubted preponderance of the evidence," but it is also the burden of the objecting attorney to show that the findings are not supported by the evidence once they are established. *Jenkins*, 120 Idaho at 383, 816 P.2d at 338–39 (internal quotation marks omitted). In this case, Bar Counsel had the burden of proving that conspiracies did not exist. Otherwise, of course, the suits Hawkley brought would not be frivolous. Evidence of the non-existence of an agreement would most strongly come from those who are alleged to have agreed.

■ Hawkley claims that even if it was appropriate to shift the burden, he presented some evidence of the conspiracy. He also presented Idaho Code § 18–1701 to bolster his legal theory of conspiracy: "If two (2) or more persons combine or conspire to commit any crime or offense prescribed by the laws of the State of Idaho, and one (1) or more of such persons does any act to effect the object of the combination or conspiracy, each shall be punishable upon conviction...." The problem is the record shows no facts to support the application of this provision to any of the persons named as conspirators by Hawkley. A bare legal theory without facts does not justify filing lawsuits. Had Hawkley used the statutory definition of conspiracy as his guideline it should have compelled him into investigation which would have avoided the harm to those he charged without a basis and the harm which now befalls him.

Hawkley seems to assert that frivolity is too subjective a claim to be proven without overwhelming evidence. He states that he believed there was a basis for the suits upon the scant evidence he had, and that should be enough to support the validity of his suits or to defeat the claim they were frivolous. This does not work in the face of the inadequate theory of conspiracy and the insufficient factual basis to make the charges.

## VI.

### THE SANCTION

■ The Board has recommended a three-year suspension. Hawkley did not designate a challenge to this recommendation in his issues on appeal or argue it in his brief. At oral argument, when asked, his position was that he did not violate any rule, so no sanction is appropriate. Nonetheless, the Court must make an independent review to determine the appropriate sanction.

■ There are no reported cases in Idaho sufficiently close to the facts of this case for a valid comparison. However, the lack of understanding of the law and the nature of the investigation necessary for the type of claims made, together with the potential consequences to persons sued without a basis

raise this case to a very serious level. Through oral argument Hawkley has not expressed contrition or an understanding of the difficulties with his claims. There is nothing to indicate this conduct would not be repeated. Clearly there is a need for remediation and protection of the public. Weighed in favor of Hawkley is the fact that during a number of years of practice he has had no other disciplinary proceedings. To meet the needs of remediation and protection of the public, balanced against Hawkley's background, Hawkley is suspended from the practice of law in Idaho for a period of three years upon the following conditions:

1) Eighteen months of the suspension is imposed;

2) Eighteen months of the suspension is suspended, provided that to reenter the practice of law Hawkley shall:

   (a) Take and pass the Idaho bar examination, and the Multistate Professional Responsibility Examination.

   (b) Upon the reentry to practice, Hawkley shall work under the supervision of a mentor attorney approved by the State Bar Commission. The mentor attorney shall approve the filing of any action by Hawkley.

   (c) Hawkley shall pay the costs of investigation and prosecution of this proceeding.

## VII.

## CONCLUSION

The Board's finding that Daniel L. Hawkley filed two frivolous lawsuits is upheld. He is suspended from the practice of law upon the conditions outlined in this opinion. Costs on appeal are awarded to the respondent.

Chief Justice TROUT, Justices WALTERS, KIDWELL and EISMANN concur.