834 P.2d 1320 (1992)
122 Idaho 404
In the Matter of Roger L. WILLIAMS, Attorney at Law.
IDAHO STATE BAR, Petitioner,
v.
Roger L. WILLIAMS, Defendant.
No. 19575.
Supreme Court of Idaho, Boise, March 1992 Term.
July 9, 1992.
*1321 Michael J. Oths, Bar Counsel, Boise, for petitioner.
Elam, Burke & Boyd, Boise, for defendant. M. Allyn Dingel, Jr., argued.
JOHNSON, Justice.
This is a lawyer discipline case.
In the course of representing a client, Roger L. Williams (the lawyer) arranged to meet the client at the client's home to discuss the case. Later the client contacted the police and alleged that during the meeting the lawyer had touched the client inappropriately. The lawyer was charged with the crime of battery, but later entered a plea of guilty to a charge of trespass. The lawyer served two days in jail, paid a fine, refunded fees the client had paid, and agreed to voluntary counseling.
The client filed a complaint against the lawyer with the Idaho State Bar (the Bar). A hearing committee of the Bar found that the lawyer was guilty of misconduct because of his unsolicited touching of the client. The hearing committee concluded that this violated Rule 8.4(b) of the Idaho Rules of Professional Conduct. This rule states that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer. The hearing committee recommended that the lawyer be placed on probation for three years.
The Bar's Professional Conduct Board upheld the hearing committee's finding of misconduct, but recommended that this Court impose more stringent sanctions on the lawyer. The Professional Conduct Board recommended that the lawyer: (1) receive a public reprimand, (2) be required to pay the Bar's costs and expenses in prosecuting the lawyer for misconduct, and (3) be suspended from the practice of law for two years, with the suspension to be withheld on the condition that the lawyer be placed on probation for three years. The Professional Conduct Board recommended that during the probation the lawyer: (1) be prohibited from violating the Idaho Rules of Professional Conduct, and (2) be prohibited from engaging in any conduct which could be described as unsolicited touching of any person.
Both the Bar and the lawyer filed exceptions to the recommendations of the Professional Conduct Board. The Court is reviewing this matter pursuant to the Idaho State Bar Commission Rules (the Bar Commission Rules).
In the recent case of Matter of Jenkins, 120 Idaho 379, 816 P.2d 335 (1991), the Court carefully described the rules and standards that apply to our review in a lawyer discipline case. In Jenkins, the Court pointed out that we are required to make our own independent review of the record to determine whether there is clear and convincing evidence to support the findings of the hearing committee and the Professional Conduct Board. *1322 The findings are entitled to great weight, and the lawyer has the burden to show that the findings are not supported by the evidence. Id. at 383, 816 P.2d at 339. Ultimately, if we find there has been misconduct, it is our responsibility to determine the sanctions that should be imposed. Matter of Lutz, 100 Idaho 45, 49, 592 P.2d 1362, 1366 (1979). In light of these standards, we have reviewed the record, as well as the findings and recommendations of the hearing committee and the Professional Conduct Board.
We conclude that there is clear and convincing evidence in the record to support the finding that the lawyer was guilty of unsolicited touching of a client. The lawyer's counsel argues, however, that this unsolicited touching does not violate Rule 8.4 of the Idaho Rules of Professional Conduct, because unsolicited touching is not a crime. We disagree.
The testimony of the client indicates that the lawyer touched the client not only without the solicitation of the client, but also against the client's wishes, and that the "touching" resulted in bruises on the client's arm. This evidence is sufficient to prove that the lawyer was guilty of battery under I.C. § 18-903(b), which provides that battery is any "[a]ctual, intentional and unlawful touching or striking of another person against the will of the other." Under the circumstances of this case, the commission of the battery on the client reflects on the trustworthiness of the lawyer and was a breach of the lawyer's fiduciary duty to the client.
In light of the seriousness of the misconduct, we order the imposition of the following sanctions:
1. A public reprimand as provided for in Rule 506(e) of the Bar Commission Rules. The reprimand shall declare the lawyer's unsolicited touching of a client as the misconduct that caused the reprimand and shall be published in the official Idaho State Bar publication.
2. Payment of the costs and expenses of the Bar for prosecuting the complaint against the lawyer and in connection with this proceeding before the Court as provided for in Rule 506(i) of the Bar Commission Rules. The Bar shall submit these costs and expenses to the Court as prescribed by Rule 54 of the Idaho Rules of Civil Procedure. Any objection by the lawyer shall also be as prescribed by Rule 54 of the Rules of Civil Procedure. The lawyer is required to pay the costs and expenses within three years.
3. Suspension from the practice of law for a period of two years as provided for in Rule 506(b) of the Bar Commission Rules. Pursuant to Rule 507(a)(1) of the Bar Commission Rules, the Court withholds one year and nine months of this suspension on the condition that the lawyer be placed on probation for three years as provided for in Rule 506(c) of the Bar Commission Rules. This means that the lawyer will be suspended from the practice of law for three months and will not be suspended for the remaining portion of the two years, if the lawyer successfully fulfills the requirements and conditions of the probation. If the lawyer violates any of the conditions of the probation, Bar Counsel may initiate the procedures provided for in Rule 507(b) of the Bar Commission Rules for imposition of the withheld period of suspension.
4. During the probation, the lawyer must comply with the following requirements and conditions:
a. The lawyer shall not violate any provision of the Idaho Rules of Professional Conduct as these rules now exist and as they may hereafter be amended by the Court.
b. The lawyer shall not engage in any unsolicited touching of any person.
c. The lawyer shall pay all costs and expenses of the Bar for prosecuting the complaint against the lawyer and in connection with this proceeding before the Court.
d. At the end of the three-year probation, the lawyer shall submit an affidavit to the Bar, stating under oath that *1323 the lawyer has complied fully with the conditions of the probation. Upon receipt of this affidavit, and unless any procedures for imposition of the withheld suspension are pending, the probation shall terminate and the balance of the period of suspension shall be dismissed.
IT IS SO ORDERED.
BAKES, C.J., BISTLINE, J., and SCHWARTZMAN and BAIL, JJ. Pro Tem., concur.