841 P.2d 432

**In re the Matter of Joseph L. WILLIAMS II, Attorney at Law.**

**Joseph L. WILLIAMS, II, Petitioner,**

v.

**IDAHO STATE BAR, Respondent.**

**No. 19798.**

Supreme Court of Idaho, Idaho Falls, September 1992 Term.

Nov. 4, 1992.

Joseph L. Williams, II, pro se.

Michael J. Oths, Idaho State Bar counsel, Boise, for respondent.

PER CURIAM:

## I. BACKGROUND

The Court suspended petitioner Williams from law practice for one year. Several conditions for reinstatement were imposed including: 1) that Williams obtain malpractice insurance; 2) that he remain on probation for one year following reinstatement under the direct supervision of another Idaho attorney who "shall be approved by the Board of Commissioners ...;" and 3) that he pay the costs and expenses incurred by ISB in the investigation and prosecution of these disciplinary proceedings. At the end of the year, Williams filed a petition for reinstatement.

A month later, the Court appointed a hearing committee. For the next four months, the committee was unable to contact Williams by telephone or by correspondence. The committee sent letters to the address appearing on Williams's petition for reinstatement and to a post office box which appeared on other pleadings filed by Williams. After Williams failed to appear for the case status conference, ISB moved to dismiss the petition.

A copy of the motion to dismiss and a notice of the hearing were sent by mail to Williams both to his post office box and to his street address. Williams responded to those mailings by filing an objection and a brief in opposition to the motion to dismiss. Williams also made a motion for the members of the hearing committee to recuse themselves and filed a brief in support of such motion.

Williams did not appear at the hearing on the motion to dismiss. Williams states that he did not receive notice of the hearings due to various problems which he was having in receiving correspondence at that time. After hearing the arguments of ISB, the committee issued its findings and rec-

ommendation. The committee found that: 1) Williams's petition failed to allege, and there was no evidence, that Williams had met the requirements for reinstatement; 2) that Williams's absence from the proceedings "was intentional and deliberate and calculated to frustrate the committee's attempt to carry out its assignment;" and, 3) Williams's brief in opposition to the motion to dismiss did not raise any pertinent issues. In light of its findings, the committee recommended that the petition be dismissed. The committee also ruled that Williams was barred for one year from filing another motion for reinstatement.

Williams filed an exception to the committee's findings and recommendation. After having considered the files and record in this case and after hearing oral argument, we dismiss the petition for reinstatement but grant Williams leave to file another petition.

## II. DISCUSSION

### A. *Williams's Petition for Reinstatement Is Dismissed for Lack of Prosecution.*

As noted above, the committee found that Williams intentionally failed to appear for both the status conference and the hearing on the motion to dismiss. The standard of review of such findings was recently stated:

> When a attorney disciplinary action is appealed to this Court, several additional rules and standards apply. Initially, we are required to make our own independent review of the record to determine whether the evidence supports the findings. Secondly, the findings of the Board are entitled to great weight. Finally, the burden is on the respondent attorney to show that the findings are not supported by the evidence.

*Idaho State Bar v. Jenkins*, 120 Idaho 379, 383–84, 816 P.2d 335, 339–40 (1991); *accord Matter of Williams (Roger)*, 122 Idaho 404, 406, 834 P.2d 1320, 1322 (1992). Although those cases involved proceedings to discipline attorneys, we believe the standards should be applied to petitions for reinstatement after discipline has been imposed.

**904**

In light of the standards above, we have reviewed the record and conclude therefrom that the ISB was justified in deciding that Williams's failure to appear for the hearings was intentional. We agree with ISB's position that its reception of a responsive brief from Williams in opposition to the proposed dismissal was presumptively a strong indication, if not evidence, that Williams was receiving mail at one of the addresses throughout the proceedings, from which it is readily deduced that he received notice of both the status conference and of the hearing on the motion to dismiss. Accordingly, we rule that Williams's failures to appear at the status conference and at the hearing on the motion to dismiss were intentional, and we dismiss the petition for reinstatement for lack of prosecution.

### B. Williams May File a New Petition for Reinstatement.

■ The committee also ruled, predicated on ISBCR 518(b)(3), that Williams was barred from refiling a petition for reinstatement for a year. Idaho State Bar Commission Rule 518(b)(3) provides that "[n]o petition for reinstatement under this Rule shall be filed within one (1) year following an adverse judgment upon a petition for reinstatement filed on behalf of the same lawyer."

The committee apparently believed ISBCR 518(b)(3) applied because it found against Williams on the merits of his petition at the time of the motion to dismiss. We believe that the rule applies only when there has been a hearing on the merits. Because Williams did not receive a hearing on the merits, the rule does not apply.

We further find that rule inapplicable in this case because we read the term "judgment" as used therein to mean a decision which resolves the merits of the petition for reinstatement; to wit, a determination that the petitioner is not presently entitled to resume the practice of law. Because our dismissal of his petition for reinstatement is predicated on lack of prosecution and not on the merits, we conclude that ISBCR 518(b)(3) does not require Williams to wait a full year before filing another petition for reinstatement.

### III. CONCLUSION

Williams's petition for reinstatement stands dismissed without prejudice. Williams is free to file another petition should he elect to do so, provided that he comply with Idaho State Bar Commission Rule 306(a), which obligates him to notify the Executive Director of the Idaho State Bar in writing of any change in name, business, or residence address, and business or residence telephone number. If Williams does re-petition, he not only has the burden of proving his fitness for reinstatement, ISBCR 518(e)(2), but he must process his petition for reinstatement with due diligence, which includes maintaining regular written and telephonic contact with the Idaho State Bar office during the pendency of his petition for reinstatement. Finally, the Idaho State Bar shall appoint a new hearing committee which, in order to avoid the appearance of any conflict of interest, shall not have as a member any attorney who regularly practices in the same geographical area as Williams.

It is so ordered.