In re Joseph Leon **WILLIAMS** II, aka Joseph L. Williams II, aka Joe Williams, aka Williams Legal Services, dba Law Offices, aka Legal Services Center, aka Legal Services, Debtor.

**Bankruptcy No. 89–03343.**

United States Bankruptcy Court,
D. Idaho.

April 6, 1993.

---

Joseph Leon Williams, pro se.

Stephen T. Woychick, Quane Smith Howard & Hull, Boise, ID, for the Idaho State Bar and Michael J. Oths.

## MEMORANDUM OF DECISION

### (RE IDAHO STATE BAR)

JIM D. PAPPAS, Bankruptcy Judge.

Debtor Williams has filed a Motion for Contempt, Sanctions and Costs directed against the Idaho State Bar Association and Michael J. Oths, its counsel, seeking a declaration that these parties are in "contempt of the stay order." More particularly, Debtor alleges that the Bar[1] has violated either the automatic stay against collection activities in Section 362(a) of the Bankruptcy Code, or the discharge injunction found at Section 524(a) of the Code, by insisting that he reimburse the Bar for certain costs incurred in connection with proceedings wherein Debtor's license to practice law in Idaho was suspended. The Court concludes Debtor is not entitled to relief.

*Facts.*

On December 1, 1989, Debtor filed for bankruptcy relief. Debtor was eventually granted a discharge under Chapter 7 of the Bankruptcy Code on January 29, 1992. Meanwhile, on July 27, 1990, the Idaho Supreme Court had entered its order suspending Debtor as a lawyer for a period of one year, or until such time as he was reinstated. The conditions adopted by the Supreme Court for Debtor's reinstatement included his payment of the costs and expenses incurred by the Bar in the disciplinary proceedings. By Order entered on February 12, 1991, the Supreme Court fixed those costs and expenses at $10,-256.17.

---

1. The Court intends references to "the Bar" to include both the Association and Mr. Oths, since there has been no allegation by Debtor nor proof that any actions or conduct by Mr. Oths was undertaken other than in his capacity as a representative of that Association.

Debtor petitioned for reinstatement after a year had passed, which petition was evidently opposed by the Bar in part because he had not repaid the costs and expenses earlier awarded by the Court. This petition was later dismissed by the Court for lack of prosecution. *See In re Williams*, 122 Idaho 902, 841 P.2d 432 (1992). Debtor alleges that the Bar has indicated it will continue to resist his reinstatement based on his failure to reimburse the expenses. It is this conduct Debtor cites as contemptuous.

*Discussion of the Issues.*

Initially, it would appear that Debtor should properly seek relief by way of an adversary proceeding, rather than through a motion. *See* F.R.B.P. 7001(6), (7), or (9). Because the Bar has fully responded to Debtor's motion and has not raised a procedural objection, in the interests of economy, the Court will consider the issues raised by Debtor's motion in this procedural context.

The Bar's claim for costs and expenses against Debtor arose in large part during the pendency of his bankruptcy case, culminating in the Supreme Court's Order entered February 12, 1991. While the disciplinary proceedings were pending, Debtor had sought reorganization of his financial affairs under Chapter 13, and then later Chapter 11 of the Bankruptcy Code. His case was converted to a Chapter 7 liquidation case at Debtor's request on January 7, 1991 when he was unable to propose a confirmable plan. By this time, the disciplinary proceedings had basically concluded.

Under Section 348(d) of the Code, there is little doubt that Debtor's liability for costs and expenses associated with the disciplinary proceedings conducted while he was in bankruptcy would constitute a "claim" for bankruptcy law purposes, potentially subject to discharge under Section 727(a). The Bar argues its claim is excepted from discharge by Section 523(a)(7) of the Code, which provides:

**§ 523. Exceptions to discharge.**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty ...

If the Bar is correct in its argument, and Debtor's obligation for the costs is not discharged, there is no injunction against actions to collect that debt afforded by the discharge.

Debtor argues that the Idaho State Bar is not a "governmental unit" as that term is used in Section 523(a)(7). The Court disagrees. The Bar is a self-governing state agency established by statute to supervise the granting, and to regulate the exercise of, the privilege of practicing law in the State of Idaho. *See* Idaho Code §§ 3–401–420. The Idaho Supreme Court holds ultimate authority concerning the admission and practice of attorneys in this State's courts. While the Bar is not necessarily an arm of the Idaho Supreme Court, it satisfies the Bankruptcy Code's definition of a governmental unit in its own right as an agency of the State of Idaho, *see* 11 U.S.C. § 101(27),[2] in that the Bar carries out many functions normally associated with the government, including protecting the public from the unprofessional, improper and unauthorized practice of law.

Case law has likewise construed the Code definition of a governmental unit to include state bar associations and disciplinary bodies. *See In re Wade*, 948 F.2d 1122 (9th Cir.1991); *In re Haberman*, 137 B.R. 292 (Bankr.E.D.Wis.1992); *In re Shaw*, 86 I.B.C.R. 308 (*dictum*). Clearly, the Bar is

**2.** Section 101(27) defines governmental unit to include a department, agency, or instrumentality of a State, and was intended by Congress to be construed in its broadest sense. H.R.Rep. No. 595, 95th Cong., 1st Sess. 311 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6268.

a governmental unit as defined by the Bankruptcy Code.[3]

■ Debtor next contends that the costs awarded against him by the Supreme Court in the disciplinary action are not in the nature of a fine or penalty as required by Section 523(a)(7). The Bar does not depend upon such reimbursement awards in disciplinary actions for its financial vitality. *See* Idaho Code § 3–409. Costs and expenses are only awarded in cases where a violation of professional practice rules has been found. *See* Idaho Bar Commission Rules 505, 506. The record of the disciplinary proceedings shows that in this case the expense award is a sanction against Debtor based upon his improper conduct. Sanctions imposed in attorney disciplinary proceedings not only serve a compensatory function, but they also serve to deter attorney misconduct, and in this sense are similar to restitution obligations imposed in criminal prosecutions. *See Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) (Criminal restitution obligations are excepted from discharge by Section 523(a)(7)). It would be a poor policy indeed to suggest that an attorney could elude punishment for professional improprieties by resorting to the Bankruptcy Code.

The Court concludes that Debtor's obligation for the disciplinary costs and expenses are excepted from discharge pursuant to Section 523(a)(7). As a result, it was not and is not a violation of Debtor's discharge to pursue collection of these amounts.[4]

■ The Court will also not find the Bar in contempt for violating the automatic stay under Section 362(a). First of all, the stay terminated by operation of law upon entry of Debtor's discharge on January 29, 1992. 11 U.S.C. § 362(c)(2)(C). Acts taken after that date were not restricted by the stay.

■ More importantly, it would appear the Bar's actions are excepted from the scope of the automatic stay by virtue of Section 362(b)(4) which allows "continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." As indicated above, the Bar is a governmental unit for bankruptcy law purposes, and its conduct in enforcement of the Idaho rules of professional practice are classic police or regulatory functions. *See In re Wade*, 948 F.2d 1122 (9th Cir.1991); *In re Fitch*, 91 I.B.C.R. 8.

■ Finally, even to the extent that the Bar was subject to the automatic stay, the Court would, upon consideration of the findings and conclusions of the Supreme Court in Debtor's case, exercise its discretion in retroactively annulling the automatic stay for "cause". 11 U.S.C. § 362(d)(1). At least some of the alleged professional violations were directly or indirectly connected to Debtor's bankruptcy law practice. Membership in this Court's bar is conditioned upon an attorney's good standing as a member of the Idaho State Bar Association, D.Id.L.R. 83.5, and observance of the standards of professional conduct required of members of that Bar, D.Id.L.R. 83.6(a). In the event an attorney violates the professional rules, the Court may refer the matter to the disciplinary body of the State Bar. D.Id.L.R. 83.6(b). While the Court understands that Debtor vehemently denies any improprieties, and without regard to the merits of the Bar's allegations, it is important to the operation of this Court

---

**3.** Debtor's brief contains a copy of a letter addressed to an unknown party from the State Treasurer dated November 23, 1992 indicating that the Idaho State Bar is not an agency. The Court is uncertain of the nature of the inquiry to the Treasurer. Clearly, however, this letter is not determinative of whether the Bar is a "governmental unit" for purposes of Sections 101(27) and 523(a)(7) of the Bankruptcy Code. A similar conclusion is applicable to any inferences which could arguably be drawn from the copy of the letter from the Office of the Idaho State Auditor.

**4.** Debtor's argument that the Bar's claim is discharged because it failed to timely obtain a declaration by the Court that the claim was excepted from discharge is simply wrong. Section 523(c)(1) imposes such a requirement only as to debts excepted from discharge under Sections 523(a)(2), (4) or (6).

that an adjudicative process be available for the resolution of such complaints. The statutes and rules governing adjudication of attorney disciplinary actions provide such a system, and good "cause" existed in this instance to allow the continuation of those proceedings.

*Other Issues.*

There are two matters which should be addressed, but which cannot be resolved in the context.

There is reference in Debtor's briefing concerning certain claims allegedly being asserted against him arising out of payments from the Idaho Client Security Fund.[5] The Idaho Supreme Court recently ruled that the payments made to claimants from the Client Security Fund are not a personal liability of Debtor. *Williams v. Idaho State Bar,* 93.5 I.S.C.R. 228, 229 (2/25/93). Debtor's liability, if any, could be established only through a separate action brought by the Bar pursuant to its right of subrogation. *Id.* The record is unclear whether there have been efforts by the Bar to seek reimbursement of such claims paid out of that fund. Based upon a lack of information in the record, the Court is unable to determine whether the Bar's claims arising from such proceedings have been discharged in Debtor's bankruptcy case.[6] If the parties desire a ruling on such issue, they may commence an appropriate adversary proceeding under F.R.B.P. 7001.

Similarly, Debtor's briefs make references to Section 525 of the Code which generally prohibits discrimination by a governmental unit against an individual based solely on that individual's status as a bankruptcy debtor or because the individual has failed to pay a dischargeable debt. Since the Court has determined that Debtor's liability for the costs of his disciplinary action is not discharged, the Court seriously questions whether he can seek the protections of Section 525. *See Johnson v.*

*Edinboro State College,* 728 F.2d 163 (3rd Cir.1984). However, such argument will not be conclusively addressed here because of the tardy and inadequate fashion in which Debtor has submitted it to the Court.

Finally, the Court admonishes Debtor about his repeated practice in this and other matters in his bankruptcy case of filing duplicative pleadings and briefs. Many of the matters discussed in and attached to his affidavits and briefs, which themselves are frequently filed and refiled, are copied from, or actual copies of, pleadings from other proceedings pending in other courts which simply have no bearing on the issues before this Court. This practice needlessly complicates the work of the Court and will not be tolerated in the future.

*Conclusion.*

The Court concludes that there is no basis for finding the Bar or Mr. Oths in contempt of any order of this Court. Debtor's motion will be denied by separate order. This Memorandum constitutes the Court's findings of fact and conclusions of law. F.R.B.P. 7052.

### ORDER

For the reasons set forth in the Court's Memorandum of Decision filed herein, and for other good cause,

IT IS HEREBY ORDERED THAT Debtor's Motion for Contempt, Sanctions and Costs directed against the Idaho State Bar Association and Michael J. Oths be and the same is hereby DENIED.

---

**5.** *See* Debtor's Memorandum in Support of Motions for Contempt, Sanctions and Costs, Regarding Idaho Bar Counsel and Client Security Fund Committee at 9–10.

**6.** This Court has *in dictum* indicated that such obligations are excepted from discharge in Chapter 7 under Section 523(a)(7). *In re Shaw,* 86 I.B.C.R. 308, 309 (Young, J.).