In re Joseph L. WILLIAMS II, 573–54–0817, aka Leon Williams, aka Lonny Williams, dba Law Offices, dba Professional Offices, Debtor.

Bankruptcy No. 93–00768–13.

United States Bankruptcy Court, D. Idaho.

July 2, 1993.

Joseph L. Williams, II, pro se.

Michael J. Oths, Bar Counsel, Boise, ID, for Idaho State Bar.

Forrest Hymas, Chapter 13 trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The Idaho State Bar ("ISB") has moved for a declaratory judgment to the effect the section 362 automatic stay does not prevent the ISB from requiring payment of $10,256.17 from the debtor before the debtor's application for reinstatement as an attorney will be considered. For the reasons stated in this memorandum, it is concluded the ISB cannot require payment of the

$10,256.17 as a condition to the reinstatement proceeding. Such a requirement violates both the antidiscrimination provisions of 11 U.S.C. § 525 and the automatic stay of 11 U.S.C. § 362.

For the purpose of better understanding the issues raised by the motion the following factual history concerning this controversy is noted.

The debtor previously filed a chapter 13 petition in this Court on November 13, 1989. That case was converted to a chapter 11 case on February 20, 1990, and then converted to a chapter 7 case on January 7, 1991. The debtor obtained a discharge under chapter 7 on January 28, 1992. The present chapter 13 petition was filed on March 19, 1993.

The debtor was a licensed attorney suspended from the practice of law by order of the Idaho Supreme Court on July 27, 1990. That order provided certain requirements were to be met by the debtor before he would be eligible for reinstatement, including payment of the costs and expenses of the disciplinary proceeding.

The time requirements for application for reinstatement as contained in the order have now apparently been met. The debtor opposes the validity of the eligibility requirement of payment of the costs and expenses because of the fact he is now a debtor under chapter 13 of Title 11 of the United States Code. The debtor is claiming the costs and expenses constitute a general unsecured claim for which the ISB can file a claim in this case, and that the payment conditions violate 11 U.S.C. § 362 and 11 U.S.C. § 525.

The crux of the issue is whether the ISB is prohibited by 11 U.S.C. § 362 or 11 U.S.C. § 525 from requiring payment before considering the reinstatement and whether the ISB can delay consideration of the debtor's application for reinstatement if the costs and expenses are not paid.

While the prior chapter 7 case was being administered, the debtor had applied to the ISB for reinstatement. The ISB would not consider the application until · the costs were paid. The debtor then petitioned this Court for a ruling that the ISB and the Bar Counsel, Michael J. Oths, had violated the section 362 automatic stay by demanding payment of the costs and expenses as a condition to the reinstatement. Judge Pappas held the stay had not been violated. *In re Williams*, 158 B.R. 488 (Bankr.D.Idaho, Memorandum of Decision (Re: Idaho State Bar), Pappas, J., 1993).

Judge Pappas concluded the ISB was not violating the section 362 stay by requiring the debtor to pay the costs and expenses since the costs and expenses were nondischargeable debts under the provisions of section 523(a)(7), and the exception afforded by section 362(b)(4)[1] to section 362(a)(1)[2] was applicable. The issues in this motion present a somewhat modified version of the same question in the chapter 13 context.

Williams' contentions and arguments can be synopsized into three categories:

---

**1.** 11 U.S.C. § 362(b)(4) provides:

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), does not operate as a stay—

\* \* \* \* \* \*

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; ....
11 U.S.C. § 362(b)(4).

**2.** 11 U.S.C. § 362(a)(1) provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; ....
11 U.S.C. § 362(a)(1).

1. The stay is in effect under the provisions of section 362(a)(1) as the "continuation ... of a[n] ... administrative ... proceeding against the debtor that was or could have been commenced before the commencement of the case";

2. The stay is in effect under the provisions of section 362(a)(3) as an "act to obtain possession of property of the estate or of property from the estate"; and

3. The proscription of 11 U.S.C. § 525 [3] is applicable.

The decision of Judge Pappas in the debtor's previous chapter 7 case disposed of the first contention.[4] The decision held the stay was not in effect under section 362(a)(1) since section 362(b)(4) allows "continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." *See Williams, supra,* at 491.

The ISB contends sections 362(b)(4) and (5) remove the reinstatement proceedings, and the collection of the costs and expenses, from the protection of the section 362 automatic stay. Without further discussing these contentions, Judge Pappas' decision held, in the chapter 7 context, the action of the ISB was not violative of the section 362(a)(1) stay provision. The same would be true in a chapter 13 case.

The nature of this case, however, as a chapter 13 case also interjects other issues not present in the chapter 7 case. Those issues are, primarily, (1) the fact the ISB claim is a dischargeable debt under chapter 13, and (2) the fact the debt would be paid from property of the estate in the chapter 13 process, thus involving the provisions of sections 362(a)(3) and (b)(5).

■ Section 525 prohibits a governmental unit from refusing to renew the license of a person in bankruptcy solely because the person has not paid a dischargeable prepetition debt. 11 U.S.C. § 525(a). The ISB contends it is entitled to refuse to grant the debtor a hearing on renewal of his suspended license to practice law for the sole reason that the costs and expenses of the disciplinary hearing remain unpaid. The ISB is a governmental unit. *Williams, supra,* at 490–91. The assessment of costs and expenses is a debt. *Williams, supra,* at 490 (holding that the costs and expenses were a "claim" potentially subject to discharge); 11 U.S.C. § 101(12) ("debt" is a "liability on a claim"). *See also Lugo v. Paulsen,* 886 F.2d 602 (3d Cir.1989) (surcharge of $3,000 levied prepetition against driver convicted of drunk driving, and which was enforceable by suspension of driving privileges, was a debt for the purpose of section 525). What the ISB wishes to deny the debtor is a renewal of a license, *i.e.*, the debtor's license to practice law in this state.

■ The final requirement to trigger the antidiscrimination provisions of section 525 is that the debt involved be dischargeable. The discharge provisions of 11 U.S.C. § 524(a)(1) [5] apply to the ISB claim in a chapter 13 case. This is in contrast to a chapter 7 case, where a statutory exception to discharge of the ISB claim exists by way of 11 U.S.C. § 523(a)(7).[6] The ISB claim is

---

**3.** 11 U.S.C. § 525 provides in its relevant part:
   (a) [A] governmental unit may not deny, revoke, suspend, or refuse to renew a license ... to ... a person that is or has been a debtor under this title ... solely because such bankrupt or debtor ... has not paid a debt that is dischargeable in the case under this title....
   11 U.S.C. § 525(a).

**4.** Following *Wade v. State Bar of Arizona, (In re Wade),* 115 B.R. 222 (9th Cir.B.A.P.1990), *aff'd,* 948 F.2d 1122 (9th Cir.1991).

**5.** 11 U.S.C. § 524(a)(1) provides:
   (a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived; ....
11 U.S.C. § 524(a)(1).

**6.** 11 U.S.C. § 523(a)(7) provides in its relevant part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does

therefore *dischargeable*, although it has not yet been discharged. Thus, because of the broad dischargeability provisions afforded a chapter 13 debtor, the antidiscrimination provisions of 11 U.S.C. § 525 are applicable.

■ It would further appear the section 362 automatic stay is in effect under the provisions of section 362(a)(3) and (b)(5). Even if section 525 did not prohibit the ISB from conditioning the hearing on payment of the costs and expenses, the ISB would need relief from the stay to condition reinstatement upon such payment. As Judge Pappas has already held, governmental actions that would otherwise be barred under section 362(a)(1) are exempt from the automatic stay under the police or regulatory powers exemption of section 362(b)(4). *See* discussion *supra*. However, by its express terms the section 362(b)(4) exemption applies only to those actions falling within subsection (a)(1); it has no relevance to subsection (a)(3). Moreover, while subsection (b)(5) provides an exemption to the automatic stay for enforcement of a judgment obtained to enforce a governmental unit's police or regulatory power, it expressly excludes monetary judgments.[7] "[T]he effect of that section is to prevent a governmental unit from enforcing a money judgment, even if that judgment is obtained in the exercise of the unit's police or regulatory power." *Wade, supra*, 115 B.R. at 229. The ISB's refusal to permit the hearing to go forward is both an "act to obtain possession of property of the estate" in violation of subsection (a)(3) (the property here being future income), and an attempt to enforce a money judgment in violation of subsection (b)(5). In *Wade,*

*supra*, the Bankruptcy Appellate Panel proscribed any attempt by the Arizona State Bar to exact any funds from the debtor in disciplinary proceedings even though the funds were due as a result of the exercise of the Bar's authority as a governmental unit.[8]

■ The time issue involved in this controversy is deserving of comment. The ISB is justified in bringing this motion for a declaratory ruling before making a decision to deny the debtor a hearing unless the costs and expenses were paid. Thus, this decision will not be interpreted as concluding the ISB has violated the section 362 automatic stay or the provisions of section 525 by not affording the debtor an unconditional hearing. It is noted the debtor's chapter 13 plan has not yet been confirmed. Given this fact, and the circumstances in this case, particularly the record of multiple bankruptcy filings by the debtor, the ISB should not be required to afford the debtor an unconditional hearing unless the debtor obtains confirmation of a chapter 13 plan. Accordingly, under the authority of 11 U.S.C. § 105, the ISB will be relieved from affording the debtor an unconditional hearing until either the debtor achieves confirmation of a chapter 13 plan, or this Court otherwise directs.

## CONCLUSION

It is thus concluded both the antidiscrimination provisions of 11 U.S.C. § 525 and the automatic stay provisions of 11 U.S.C. § 362 preclude the ISB from withholding consideration of the debtor's reinstatement application conditioned upon payment of the ISB's costs and expenses of the disci-

---

not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss. ... 11 U.S.C. § 523(a)(7). This section omits a discharge under section 1328(a), to which a debtor would be entitled on successful completion of a chapter 13 plan.

7. In its relevant part, subsection (b)(5) exempts from the automatic stay "the enforcement of a

judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C. § 362(b)(5).

8. The opinion states:

"[S]hould the Bar attempt to enforce any money judgment it obtains for restitution or otherwise, such efforts would not be excepted from the stay."
115 B.R. at 231.

plinary proceeding. In this particular case, this conclusion and order will be deemed applicable only if the debtor obtains confirmation of a chapter 13 plan.

A separate order will be entered.