893 P.2d 202

In the Matter of Joseph L. WILLIAMS, II, Attorney at Law.

IDAHO STATE BAR, Plaintiff–Respondent,

v.

Joseph L. WILLIAMS, II, Defendant–Petitioner.

No. 20645

Supreme Court of Idaho, Boise, September 1994 Term.

Feb. 16, 1995.

Constance Malmin, Boise, for petitioner.

Michael J. Oths, Bar Counsel, Idaho State Bar, Boise, for respondent.

SILAK, Justice.

This matter is on review from the Respondent Professional Conduct Board of the Idaho State Bar (PCB and ISB), which issued its Findings of Fact, Conclusions of Law and Recommendation in this disciplinary matter concerning the Petitioner Joseph L. Williams II, Esq. (Williams). We hereby adopt and affirm the Findings of Fact and Conclusions of Law and Recommendation of the PCB that Williams be disbarred for professional misconduct.

## I.

### PRIOR PROCEEDINGS

Williams was admitted to the practice of law in Idaho in April 1986. On March 22, 1988, the ISB filed a complaint against Williams alleging incompetence, dishonesty, aiding the unauthorized practice of law, trust account violations, advertising violation, and failure to respect the rights of third persons.

Hearings were therefore held before the appointed Hearing Committee of the PCB, and before the full PCB. In January 1990, the PCB issued its Final Findings and Recommendations, recommending that Williams be suspended from the practice of law for two years. On review before this Court, we affirmed the PCB's findings with respect to Counts I and VI of the ISB's complaint. (*See* Appendix A, Order of Suspension dated July 27, 1990).

With respect to the findings of the Committee relating to Count I of the ISB's 1988 complaint, we held that such findings were supported by the record. We thus concluded that the conduct of Williams constituted a violation of Rule 1.1 of the Idaho Rules of Professional Conduct (I.R.P.C.) in that he failed to provide competent representation to clients. Among the specific findings of misconduct we affirmed were that Williams habitually failed to appear at scheduled court appearances, and/or he would inappropriately withdraw as counsel on the eve of trial leaving clients without representation.

This Court also affirmed the findings of the PCB with respect to Count VI of the 1988 complaint involving the failure to respect the rights of third parties. With respect to these allegations, we concluded and held in the Order of Suspension that the findings and conclusions of the PCB should be affirmed because Williams had improperly instituted a prelitigation screening panel proceeding before the Idaho State Board of Medicine against James Richards, M.D., without having obtained or reviewed the patient's medical records, or having consulted with any medical practitioner or expert witness concerning a medical malpractice claim. We found that there was no urgency in filing and no pending expiration of the statute of limitations. Thus, we concluded that Williams had violated Rules 3.1 and 4.4 of the I.R.P.C.[1]

Based upon the foregoing, this Court ordered the suspension of Williams from the practice of law in the state of Idaho for one year, followed by a probationary period of two years. We also adopted the terms of the suspension and the terms of reinstatement recommended by the PCB.

Although Williams filed a petition for reinstatement in June 1991, he thereafter failed to pursue the matter in any way. The record reveals that he would not cooperate with the clerk of the PCB in scheduling a status conference to set up a hearing date, and he did not participate in the hearing on the ISB's motion to dismiss his petition. In January 1992, the Hearing Committee issued its Findings and Recommendations, concluding that Williams did not allege nor did the record reflect clear and convincing evidence that he had met the requirements for his reinstatement. Thus, the Committee recommended that the petition for reinstatement be dismissed and that Williams be prohibited from refiling the petition for one year.

Thereafter, Williams filed his objection to the findings and recommendations of the Hearing Committee with this Court. Oral argument was heard before the Court in September 1992, and an order was issued on November 4, 1992, wherein we ruled that dismissal of a petition for reinstatement for lack of prosecution is justified where the attorney intentionally fails to appear at status conferences and hearings. We also ruled that because dismissal for lack of prosecution in this case was not on the merits, Williams did not have to wait a full year before refiling his petition. *See Williams v. Idaho State Bar*, 122 Idaho 902, 841 P.2d 432 (1992).

Williams refiled his petition and a hearing on the merits was held in June 1993. On August 2, 1993, the Hearing Committee issued its Findings of Fact, Conclusions of Law and Recommendations. The Committee addressed Williams' petition in two sections: (1) whether he complied with all specific terms of his July 27, 1990 suspension; and (2) pursuant to Rule 518(a)(4) of the Idaho

---

1. Rule 3.1 of the I.R.P.C. provides, in pertinent part: "A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law...." Rule 4.4 provides, in pertinent part: "In representing a client, a lawyer shall not: (a) use means that have no substantial purpose other than to embarrass, delay, or burden a third person,...."

Bar Commission Rules (I.B.C.R.), whether Williams had the "moral qualifications, competency and learning in the law for admission to the practice of law, and that his resumption will not be detrimental to the integrity of the Bar, to the administration of justice or against the public interest."

With respect to the first section, the Hearing Committee found that Williams had not complied with all of the terms of his suspension. Specifically, the Committee found that Williams had not refrained from the practice of law, but had actively represented clients during the period of his suspension. With respect to the second section, the Committee found that Williams had not met the requirements of I.B.C.R. 518(a)(4) regarding his moral qualifications to be reinstated in that he misrepresented his status, leading certain individuals to believe that he was licensed to practice law; and that he misrepresented his identity to at least two persons, claiming to be someone named "Wayne Blackman" on one occasion, and a "Lonny Williams" on another. The Committee thus recommended that Williams' petition for reinstatement be denied.

On appeal, this Court held that the evidence supported the Committee's determination that Williams failed to carry his burden of showing by clear and convincing evidence that (1) he met the terms of his suspension, and (2) he met the requirements of I.B.C.R. 518(a)(4). We therefore dismissed Williams' petition for reinstatement. (*See* Appendix B, Order Dismissing Petition for Reinstatement dated February 23, 1994).[2]

## II.

## FACTS

During the pendency of the above proceedings, the instant action was filed by the ISB against Williams seeking disbarment. In May 1992, the ISB filed a second complaint against Williams alleging four separate counts of professional misconduct.[3]

In June 1992, Williams filed a motion to remove the action to the United States District Court for the District of Idaho pursuant to 28 U.S.C. §§ 1331, 1441 and 1443. In October 1992, the United States District Court issued an order denying Williams' motion for removal.

Assignment of a Hearing Committee was approved by this Court in August 1992. Although the hearing took place in April 1993, Williams did not participate, his attorney maintaining that the Committee did not have jurisdiction because the action had been removed to federal court under 28 U.S.C. §§ 1441 and 1446. Williams' attorney claimed that pursuant to section 1446, in order for the case to have been remanded back to state court, a hearing must have been held and an order issued by the federal court.

In May 1993, the Hearing Committee issued its Findings of Fact, Conclusions of Law and Recommendations. At the outset, the Committee concluded that Williams had not removed the matter to federal court, and that the Committee was properly appointed by this Court to hear the matter, and that it had jurisdiction to do so. The Committee then made findings, conclusions of law and

2. Due to Williams' July 1990 suspension, "The Law Offices", Williams' firm, was placed in receivership in January 1991 pursuant to a joint petition filed by the ISB and Mark Knapp, an attorney practicing in this firm. The Client Security Fund (CSF) Committee of the ISB thereafter placed notices in local newspapers advising potential claimants of their ability to seek recourse for losses incurred through association with "The Law Offices" of Idaho Falls, Blackfoot and Pocatello. Following a hearing, the CSF Committee recommended to the Board of Bar Commissioners that eight of the ten claims be paid upon a finding that the activities of "The Law Offices" constituted an overall and continuing pattern of ·dishonest conduct. The Board

adopted the findings, conclusions and recommendations of the Committee. On appeal to this Court, we affirmed the Board's findings as to two of the claims. We held that the remaining six claims were not subject to our review because these claimants hired the firm after Williams was prohibited from practicing law. *See Williams v. Idaho State Bar*, 123 Idaho 367, 848 P.2d 425 (1993).

3. Five counts were actually alleged by the ISB, but one was dismissed by the Hearing Committee for insufficient evidence and is therefore not before the Court.

recommendations as to each of the alleged instances of misconduct, as follows.

## A. COUNT I–KOMROFSKES' BANK-RUPTCY.

In 1989, Williams' firm was retained by Peter and Laura Komrofske (Komrofskes) to represent them in a Chapter 13 bankruptcy. The bankruptcy plan appeared to be on its way to confirmation, despite some problems. A confirmation hearing was scheduled for May 1990. Williams advised the Komrofskes that they did not need to appear at the hearing, and on his advice they did not attend. At the hearing on the Komrofskes' bankruptcy matter, Williams appeared before the U.S. Bankruptcy Court and voluntarily dismissed the case. The bankruptcy judge asked Williams specifically if he had discussed the dismissal with his clients. Williams informed the court that he had discussed dismissal with his clients and that they had agreed. The Komrofskes testified that they did not grant permission for dismissal.

The Committee found that Williams' conduct violated I.R.P.C. 1.2(a), I.R.P.C. 1.4(b), I.R.P.C. 3.3(a)(1) and I.R.P.C. 8.4(c).

## B. COUNT II—WESTLAW.

In October 1990, subsequent to his suspension, Williams contacted a Westlaw representative, Teressa Zywicki (Zywicki), and informed her that his law firm was interested in obtaining Westlaw service. He never informed Zywicki of the firm name, despite her repeated requests. Thereafter, Zywicki allowed Williams to download one disc of Westlaw information. Later, Williams requested permission to download twenty discs. Although Zywicki initially granted Williams permission, she later became concerned and cancelled the session. The discs copied by Williams concerned libel and slander of a professional. Shortly thereafter, Williams filed a tort action in the United States District Court for the District of Idaho against a number of defendants, alleging defamation as one of the causes of action.

At the time this contact occurred, Westlaw had lost approximately $17,700 from prior professional relationships with Williams. In January 1992, Westlaw received a "Subscriber Agreement" application from "Lonny W. Williams". Westlaw requires a $10,000 deposit from non-lawyers and lawyers not in good standing. When Westlaw discovered that Lonny and Joseph were one and the same, it terminated his Westlaw service and informed him that a $10,000 deposit was required to continue the service.

The Committee concluded that Williams' conduct constituted a violation of I.R.P.C. 8.4(c).

## C. COUNT III—MADSEN.

Law student Henry Madsen (Madsen) contracted to conduct legal research for a "Leon Williams" at $10.00 per hour. Madsen testified that Williams presented himself as a practicing attorney with a client who was about to lose his house in bankruptcy. Madsen completed 18 hours of research, and sent the disc to Williams. Despite repeated attempts to collect, he was never paid for his work. The legal research prepared by Madsen was used by Williams in his own bankruptcy case. Madsen testified that Williams never told him he was a suspended lawyer or the petitioner in bankruptcy court. If Williams had informed Madsen of his status, Madsen testified he would have secured payment up front.

The Hearing Committee found that Williams' conduct again constituted a violation of I.R.P.C. 8.4(c).

## D. COUNT V—CAMERON.

In 1988, Michael Cameron (Cameron) retained Williams to represent him in a Chapter 7 bankruptcy. This was completed by Williams and discharged in 1989. Williams determined that Cameron owed him an additional $260, in addition to the $315 already paid, stemming from services performed. Williams sent Cameron several letters requesting the money. In response, Cameron attempted to contact Williams but was unable to reach him. Williams sent Cameron a letter in which he threatened to file a motion to withdraw his petition and force Cameron to begin the bankruptcy procedure again. At the hearing, Williams attempted to ex-

plain that a new support person sent the wrong form letter to Cameron.

The Hearing Committee again found that Williams' conduct constituted a violation of I.R.P.C. 8.4(c).

The Committee thus concluded that Williams' conduct constituted numerous violations of the I.R.P.C. and recommended disbarment. The Committee found that Williams' status as a suspended attorney left only the sanction of disbarment as one of greater magnitude than suspension. Williams appeals.

## III.

### STANDARD OF REVIEW

Although the findings of the hearing committee are entitled to great weight, the Supreme Court is free to make an independent judgment based on the record before it. *Williams v. Idaho State Bar,* 123 Idaho at 369, 848 P.2d at 427; *In re Matter of Lutz,* 100 Idaho 45, 48, 592 P.2d 1362, 1365 (1979). The charges must be established by a "clear and undoubted preponderance of the evidence," which is synonymous with the "clear and convincing evidence standard." *In re Matter of Jenkins,* 120 Idaho 379, 382–83, 816 P.2d 335, 338–39 (1991). Further, the burden is on the petitioning attorney to show that the findings are not supported by the evidence. *Jenkins,* 120 Idaho at 383, 816 P.2d at 339. This Court bears the responsibility of determining the sanctions that should be imposed. *Idaho State Bar v. Williams,* 122 Idaho 404, 406, 834 P.2d 1320, 1322 (1992).

## IV.

### DISCUSSION

At the outset, this Court holds that this action was not previously, nor is it now, removed to federal court. Williams and his counsel have on numerous occasions alleged that this Court and the ISB did not have jurisdiction to hear this disciplinary matter because he removed the case to the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1446. Although it appears that Williams did file a motion to remove judicial proceedings under 28 U.S.C. §§ 1331, 1441 and 1443, there is no evidence whatsoever that Williams ever filed a removal motion under section 1446. In any event, the United States District Court denied his motion on October 14, 1992. Thus, the appointed Hearing Committee of the PCB and this Court retained full jurisdiction to hear and review this matter.

Williams further attempts to attack this Court's jurisdiction over this matter by arguing that discipline of lawyers for misconduct in representing bankruptcy clients is the sole province of federal authorities, citing this Court's order in *Steed v. Green, Service, Gasser & Kerl,* et al., Sup. Court No. 18104, Order of November 29, 1989, Appendix C to this opinion. The *Steed* matter concerned a disciplinary complaint filed against a law firm alleging that it was an inherent conflict of interest for lawyers to represent creditors in some bankruptcy proceedings and the trustee in other bankruptcy proceedings. The Supreme Court appointed special counsel to investigate, and adopted the report of special counsel recommending dismissal of the complaint. Special counsel noted that 11 U.S.C. § 327 requires the appointment of lawyers for the bankruptcy trustee to be approved by the bankruptcy judge. Because of the existence of this federal statute, the special counsel concluded that the bankruptcy judge was better suited to rule on conflict questions than was the state disciplinary board.

This Court agrees with the PCB's conclusion that the *Steed* order does not apply to bar this disciplinary proceeding. The PCB noted in its findings and conclusions that the allegations concerning disciplinary matters here included: (1) lying to a bankruptcy judge; (2) failing to obtain client consent before dismissing a bankruptcy case; (3) the unauthorized practice of law; and (4) improperly threatening a client with the withdrawal of a bankruptcy petition in attempting to collect a fee. Unlike the situation in *Steed,* none of these issues require specialized consideration of bankruptcy statutes, nor would the resolution of this matter involve any conflict with federal statutes or rules. Accordingly, we hold that the Hearing Committee,

the PCB, and this Court have jurisdiction over the present disciplinary matter.

■ With respect to the findings involving the Komrofskes, the Committee found that Williams violated I.R.P.C. 1.2(a) and 1.4(b). I.R.P.C. 1.2(a) provides, in pertinent part: "Scope of Representation—A lawyer shall abide by a client's decisions concerning the objectives of representation ..., and shall consult with the client as to the means by which they are to be pursued." I.R.P.C. 1.4(b) provides: "Communication—A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

We hold that the Committee's findings and conclusions regarding violations of I.R.P.C. 1.2(a) and 1.4(b) are supported by the record, which clearly shows that Williams dismissed the Komrofskes bankruptcy without consulting with his clients and without obtaining their permission.

The Committee also found that Williams' conduct violated I.R.P.C. 3.3(a)(1) and 8.4(c). Rule 3.3(a)(1) provides: "Candor Toward the Tribunal—(a) A lawyer shall not knowingly: (1) make a false statement of material fact or law to a tribunal;" Rule 8.4(c) provides: "Misconduct—It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;"

We hold that the Committee's findings and conclusions regarding violations by Williams of these rules are supported by the record. Williams specifically informed the bankruptcy judge that he had discussed dismissal with his clients, and that they had authorized him to dismiss the bankruptcy. The record shows that he neither discussed the matter with the Komrofskes nor had authority to dismiss. Williams' conduct therefore constitutes a violation of I.R.P.C. 3.3(a)(1) in that he knowingly made a false statement to a tribunal. His conduct is also clearly in violation of I.R.P.C. 8.4(c) in that the conduct involved dishonesty and misrepresentation.

We hold that the Committee's findings and conclusions involving the Westlaw incident are also supported by the record. Williams attempted to gain access to Westlaw services by means that were dishonest, deceitful and which involved misrepresentation. This conduct is a violation of I.R.P.C. 8.4(c). Williams' representations to Zywicki regarding his status with a law firm were also dishonest since he was suspended at the time and could not be a member of a law firm. It is clear that Williams was actually seeking to obtain free legal research for his own personal legal matters considering the nature of the information sought—libel and slander, and bankruptcy—rather than for his nonexistent law firm. Williams' later attempt to obtain Westlaw services as "Lonny W. Williams" further serves to strengthen the conclusion that he was attempting to gain access to Westlaw through dishonesty.

We hold that the findings and conclusions of the Committee with respect to the Madsen incident are supported by the record. Williams' conduct again violated I.R.P.C. 8.4(c). Williams' statement that he was conducting legal research for "a client" was dishonest since he was actually seeking legal research for his own bankruptcy case. The record further supports the Committee's conclusion that Williams' actions were intentionally calculated to deceive Madsen about his true status as a suspended lawyer, based upon his use of the name "Leon Williams" instead of his true name. This is not just an instance of an attorney failing to pay a debt; it is another example of fraud.

Finally, we hold that the Committee's findings and conclusions with respect to the Cameron incident are supported by the record. His conduct involved dishonesty and misrepresentation because Williams knew or should have known that failure to pay attorney's fees is not a ground for withdrawal of a Chapter 7 discharge. Williams' assertion that the whole matter stems from the wrong form letter bearing his stamped signature being mistakenly sent to Cameron, is an indefensible position. Under no circumstances would this "form" letter be an appropriate method of communication with clients regarding the payment of fees. The record clearly supports the Committee's findings that Williams' conduct in this matter violated I.R.P.C. 8.4(c).

## V.

### CONCLUSION

We adopt and affirm the recommendation of the Hearing Committee that Williams be disbarred. We note, however, that this holding is not simply based upon the current allegations of misconduct brought by the ISB. The individual allegations in the instant action, standing alone, may not warrant disbarment, although they would certainly warrant disciplinary action. Even the four separate instances of misconduct found together may not be enough to find that Williams should be disbarred had he not already been suspended since 1990. Rather we must look at Williams' past conduct as a whole.

Williams has been involved in disciplinary matters before the ISB and this Court for six of the past eight years since he was admitted to the practice of law. At the conclusion of the first action brought against him, we held that Williams had violated Rules 1.1, 3.1 and 4.4 of the I.R.P.C. We therefore suspended him from the practice of law for one year. When his petition for reinstatement finally came before this Court on the merits (since the first time he filed a petition he failed to prosecute the matter and it was therefore dismissed), we dismissed his petition because we found that he had failed to show by clear and convincing evidence that he met the requirements of reinstatement set forth in I.B.C.R. 518(a)(4). This rule required Williams to make a showing of fitness to practice law and a showing that he complied with all the terms of his suspension. We held that Williams failed to meet either requirement. In the present case, we hold that Williams' conduct has violated Rules 1.2(a), 1.4(b), 3.3(a)(1) and 8.4(c) of the I.R.P.C.

Based upon all of the foregoing, it does not appear that Williams has the moral qualifications, competency and learning in the law for admission to practice law in the State of Idaho. It is clear that the period of suspension has not had any rehabilitative effect on Williams. He continued to engage in the practice of law after his suspension, and compounded that misconduct by misrepresenting his identity and his status as a licensed lawyer on several occasions.

We hold that Joseph L. Williams II is hereby disbarred from the practice of law in the State of Idaho, and that he may not apply for re-admission to the ISB for a period of five years as provided in I.B.C.R. 506(a). Costs to respondent Idaho State Bar.

McDEVITT, C.J., and JOHNSON and TROUT, JJ., WESTON, J. Pro Tem., concur.

### APPENDIX A

Supreme Court No. 18550
### ORDER OF SUSPENSION

This attorney disciplinary action came before the Court on the recommendation of the Professional Conduct Board of the Idaho State Bar for suspension of defendant Joseph L. Williams. The Court has reviewed the record, briefs of counsel, the Findings of the Hearing Review Committee dated May 31, 1989, and the Final Findings and Recommendations of the Professional Conduct Board dated January 29, 1990, considered arguments of counsel and otherwise being fully advised, hereby adopts the recommendation of the Idaho State Bar as to the suspension of Joseph L. Williams from the practice of law.

### I.

The Findings of the Hearing Review Committee and the Professional Conduct Board as to Count I of the Amended Complaint are supported by the record. We conclude and hold that the conduct of Joseph L. Williams constitutes a violation of Rule 1.1 of the Idaho Rules of Professional Conduct in that Williams has failed to provide competent representation to clients. The findings and conclusions of the Hearing Review Committee and the Professional Conduct Board that Joseph L. Williams failed to demonstrate the necessary legal knowledge, skill, thoroughness and preparation reasonably necessary to carry out the professional representation of clients are supported by the record and are hereby affirmed.

### II.

The Findings of the Hearing Review Committee and the Professional Conduct Board

as to Count VI of the Amended Complaint are supported by the record. We conclude and hold that the conduct of Joseph L. Williams constitutes a violation of Rules 3.1 and 4.4 of the Idaho Rules of Professional Conduct in that Joseph L. Williams improperly instituted a prelitigation screening panel proceeding before the Idaho State Board of Medicine against James Richards, M.D. without having obtained or reviewed the patient's medical records, or having consulted with any medical practitioner or expert witness concerning a medical malpractice claim in the absence of urgency in the filing and in the absence of pending expiration of the statute of limitations. Such actions and conduct under the circumstances presented here constituted a violation of Rules 3.1 and 4.4, and the findings and conclusions are supported by the record and are hereby affirmed.

WHEREFORE, The Court having affirmed the Findings and Conclusions of the Hearing Review Committee and the Professional Conduct Board of the Idaho State Bar to the extent set forth herein, hereby suspends defendant Joseph L. Williams, II, from the practice of law in the state of Idaho for a period of one year, to be followed by a probationary period of two years. The terms of the suspension from the practice of law and the terms of reinstatement recommended by the Idaho State Bar on pages six, seven and eight of the January 29, 1990 Final Findings and Recommendations submitted by the Professional Conduct Board, are hereby adopted and affirmed.

Costs on appeal to plaintiff. No attorney fees awarded.

SO ORDERED this 27th day of July, 1990.

/s/ Robert E. Bakes
ROBERT E. BAKES,
Chief Justice

## APPENDIX B

Supreme Court No. 20811

### ORDER DISMISSING PETITION FOR REINSTATEMENT

This petition for reinstatement came before the Court on the Recommendation of a Hearing Review Committee (the Committee) of the Idaho State Bar's Professional Conduct Board. Having reviewed the record; the Committee's Findings dated August 2, 1993; the briefs and arguments of counsel; and otherwise being fully advised, this Court hereby adopts the Recommendation of the Committee that Williams' petition be denied.

After a two-day evidentiary hearing on the matter, the Committee found that Williams had failed to show by clear and convincing evidence that he met the qualifications set forth in Idaho Bar Commission Rule (I.B.C.R.) 518(a)(4) for reinstatement to the practice of law. Rule 518(a)(4) provides as follows:

A lawyer suspended for more than ninety-one (91) days may be readmitted upon showing that he or she has the moral qualifications, competency and learning in the law for admission to practice law in the State of Idaho, that his or her resumption of the practice of law within the State of Idaho will not be detrimental to the integrity of the Bar, to the administration of justice or against the public interest, and that he or she has complied with all the terms of his or her suspension.

I.B.C.R. 518(e)(2) states that suspended lawyers have the burden of demonstrating by clear and convincing evidence that they have met these requirements for reinstatement.

The requirements for reinstatement set forth in I.B.C.R. 518(a)(4) can be subdivided into two categories: (1) a showing of fitness to practice law, and (2) a showing of compliance with all the terms of the lawyer's suspension. With respect to Williams' showing of fitness to practice law, the Committee found that during the period of his suspension Williams met with Barbara Toll, a person seeking legal representation to obtain protection from creditors; that Williams misrepresented to Toll that he was an attorney licensed to practice; that when Williams called one of Toll's creditors, a bank, he misrepresented to the bank official that his name was Wayne Blackman; and that while meeting with Toll Williams took a phone call from another person during which call he

denied his true identity to the caller. The Committee further found that in October, 1991, while he was suspended, Williams told a representative of West Services Co. that he was a member of an Idaho Falls law firm, and that the firm appointed him to compare the virtues of West's computerized legal research system, Westlaw, to that of Lexis, Westlaw's major competitor, and that under those false pretenses Williams deceived the representative into downloading volumes of legal research information for him free of charge. The Committee also found that Williams later subscribed to Westlaw as "Lonny Williams," indicating on the subscriber agreement that he was "Senior Partner" in the firm called "Professional Offices." When he submitted this misleading subscriber application to West Services, Williams, who had filed for bankruptcy, already owed West Services $17,000 for research done on Westlaw. It is also significant that had Williams not submitted this misleading information, Williams would have had to pay a $10,000 deposit which West Services required of its non-attorney subscribers. Based on these findings, the Committee concluded that Williams did not meet the qualifications set forth in I.B.C.R. 518(a)(4), namely, that he has the moral qualifications for the practice of law, and that his resumption of the practice of law within the State of Idaho would not be detrimental to the integrity of the Bar, to the administration of justice and against the public interest.

With respect to Williams' compliance with the order suspending his license, the Committee found that Williams' representation of Toll in her bankruptcy matter, and his representation of a Daniel Geery in an unemployment claim before the Industrial Commission, both constituted the practice of law. The Committee also found that during his suspension Williams continued to participate and be primarily involved with the supervision of staff for the practice of law in his former law firm. Based on these findings the Committee concluded that Williams failed

to comply with all the terms of his suspension, specifically, the requirement that he "sever all employment with and financial interests in any professional service corporation created or organized for the purposes of providing legal services and shall desist and refrain from the practice of law in any form."

> In reviewing a petition for reinstatement: we are required to make our own independent review of the record to determine whether the evidence supports the findings. Secondly, the findings of the Board are entitled to great weight. Finally, the burden is on the respondent attorney to show that the findings are not supported by the evidence.

*In re Williams,* 122 Idaho 902, 841 P.2d 432 (1992). Having thoroughly reviewed the record in this matter, we conclude that the evidence supports the Committee's determination that Williams failed to carry his burden of showing by clear and convincing evidence either (1) that he has the moral qualifications to practice law in the State of Idaho, and that his resumption of the practice of law will not be detrimental to the integrity of the Bar, to the administration of justice or against the public interest, or (2) that he has complied with all the terms of his suspension. Accordingly, we dismiss Williams' petition. I.B.C.R. 518(e)(9)(A).[1]

The Court also deems it appropriate to clarify and to some extent modify the terms and conditions of Williams' suspension and reinstatement. This Court's Order of Suspension adopted the terms of reinstatement recommended by the Professional Conduct Board, which provided in part that:

> During the period of suspension the Defendant Joseph L. Williams, II shall sever all employment with and financial interests in any professional service corporation created or organized for the purposes of providing legal services and shall desist and refrain from *the practice of law* in any form either as principal, agent, servant, clerk, or employee of another and shall not appear *as an attorney* before any court, justice,

---

1. Petitioner also challenges the order of suspension and the I.B.C.R. as unconstitutional. Although argument and authorities were presented to this Court, petitioner failed to raise this issue below and failed to demonstrate the alleged unconstitutionality. Accordingly, we reject the assertions of unconstitutionality.

judge, board, commission, division or other public authority or agency and shall not share in any fee for legal service performed by himself or any other attorney during the period of his suspension.

(Emphasis added). The above-quoted language requiring Williams to "sever all employment with and financial interests in any. professional service corporation created or organized for the purposes of providing legal services" is hereby removed as a term of his suspension or a condition of his reinstatement. However, until Williams is reinstated, he is not licensed to practice law, and the requirement that he refrain from "the practice of law" and not appear "as an attorney" properly prohibit him from performing any legal services, regardless of his occupational title, which would constitute the unlicensed *practice of law.* Williams may engage in law-related employment, such as performing research or acting as a paralegal under the supervision of an attorney, so long as his conduct does not constitute the practice of law.

All other terms of Williams' suspension and the conditions of his reinstatement as previously provided in this Court's Order of Suspension shall continue to be in force.

JOHNSON, J., dissents from this order.

DATED this 23rd day of February, 1994.

/s/ Chas. F. McDevitt,
Chief Justice
Chas. F. McDevitt,
Chief Justice

APPENDIX C

Reference No. 89S–88

David C. Steed, Plaintiff,

vs.

Green, Service, Gasser & Kerl,
et al., Respondents.

Sup.Ct. No. 18104.

ORDER

Pursuant to order of the Court dated October 30, 1989, the Plaintiff and Respondents having filed their Responses to the REPORT OF SPECIAL COUNSEL dated October 23, 1989; and the Court having reviewed the COMPLAINT of the Plaintiff in light of the REPORT OF SPECIAL COUNSEL and the Responses of the parties.

NOW, THEREFORE, IT IS HEREBY ORDERED, that the REPORT OF SPECIAL COUNSEL filed October 23, 1989, concluding that exclusive authority over the conduct of the respondents lies with the Federal Courts, be, and the same is hereby, approved and accepted by the Court and Richard A. Cummings is hereby released and discharged as special counsel to the Court in this matter.

IT IS FURTHER ORDERED that the COMPLAINT of the Plaintiff is hereby dismissed as a disciplinary action in this Court.

IT IS FURTHER ORDERED that the clerk is directed to serve copies of this order upon the parties by mail and thereafter close this file.

DATED this 29th day of November, 1989.

By Order of the Supreme
Court

/s/ Robert E. Bakes
Chief Justice Robert E. Bakes